## WILLIAM N. GARNER *vs.* GOTTLIEB REIS.

### February 28, 1879.

**Action involving Accounts, when not triable by Jury.**—An action which involves an adjustment and settlement of mutual accounts, growing out of a common transaction between the parties, is of equitable cognizance, and not triable by a jury.

Complaint, that plaintiff and defendant, in March, 1873, entered into a contract whereby plaintiff was to buy, ship and deliver to defendant, at St. Paul, at plaintiff's cost, sheep, to

be there received by defendant, and by him butchered and sold; the expenses incurred after the delivery of the sheep, aside from the expense of butchering and selling them, and collecting the proceeds, were to be paid by defendant out of the proceeds of sale; and the profits were to be divided in the proportion fixed in the contract. The complaint further alleges that the parties did business under the contract until May 15, 1873, when it was terminated by mutual consent; that on May 15, 1873, the parties had an accounting, upon which it was found and agreed, and the fact was, that the total proceeds of the sheep butchered and sold were $5,108.81, all of which had been collected by defendant, except $1,740.42, collected by plaintiff. The complaint then sets forth the sums expended by the parties, showing that the plaintiff had expended more and the defendant less than was required by the contract, and that the sum of $557.31 was due from defendant to plaintiff on May 15, 1873; that between March 24 and May 15, 1873, the plaintiff advanced to the defendant various sums amounting to $74.70, and since March 24, the defendant has made various payments to plaintiff, amounting in the aggregate to $125.11, leaving a balance due plaintiff of $506.90, for which, with interest, judgment is demanded.

The defendant, in his answer, denies the contract stated in the complaint, and alleges that he was employed by the plaintiff to assist in butchering and selling sheep to be furnished by plaintiff, and was to receive one-third of the net profits of the business. He puts in issue the averments of the complaint as to receipts and payments, denies any settlement betw<sup>...</sup> n the parties, and, as a counterclaim, alleges that the sum of $166 is due him from plaintiff, for which he demands judgment.

The action coming on for trial before *Brill*, J., a jury was impannelled and sworn, without objection from either party. The plaintiff's counsel opened the case, when the court intimated an opinion that the action was not properly triable by a jury. Plaintiff's counsel then moved for trial by the court

alone. The motion was granted, (the defendant excepting,) and the action was thereafter tried before *Simons*, J., who ordered judgment for plaintiff, from which the defendant appealed.

*S. L. Pierce*, for appellant.

*Palmer & Bell*, for respondent.

CORNELL, J. The case disclosed by the pleadings is one of mutual accounts, arising out of the dealings of the parties plaintiff and defendant with each other, under a contract between them, by which they engaged and became interested in a common business enterprise, which was undertaken and carried on in pursuance of its provisions. The accounts comprise various items on each side, all of which refer to and form parts of the one single transaction, which originated in the contract. No separate claim or suit can be maintained upon any one of such items disconnected with the rest, and hence they cannot, strictly speaking, be made mere matters of set-off, one against the other, as would be the case with independent cross demands or causes of action, having their origin in separate and distinct contracts or independent stipulations of the same contract. Being thus connected together as separate parts of one continuous transaction, the only right either party has in respect thereto, as against the other, is that of having the accounts fairly and fully adjusted and settled according to the provisions of the contract, and to recover the ultimate balance, if any, that may be found due upon such final accounting and settlement. The subject-matter of the action and controversy, therefore, is one of equitable cognizance and jurisdiction, (Adams Equity, 222–226,) and neither party can claim, in respect thereto, the right of a trial by jury, under that provision of the constitution which preserves such right in all cases at law as it existed when that instrument was adopted. (Const. art. 1, § 4.) It follows that no error was committed by the district court in withholding the trial of the case from a jury. The fact that a jury was impannelled and sworn, without objection from

either side, before the attention of the court was called to the nature of the action, did not confer upon either party the right to have the case tried by a jury, nor prevent the court from then dismissing the jury of its own motion, and trying it as all such cases ought to be tried. As the decision affected no right of the defendant, he has nothing of which to complain as error.

Judgment affirmed.