HENRY DOLS *vs.* FRANK BAUMHOEFER, impleaded, etc.

October 29, 1881.

**Order entered on Default not Appealable.**—This court will not review an order of the district court granted upon default under rule 10 of the rules of that court. The parties' proper remedy is by application to that court to open the default.

Appeal by defendant, Frank Baumhoefer, from a judgment of the district court for Scott county, *Macdonald, J.,* presiding.

*L. M. Brown,* for appellant.

*H. J. Peck,* for respondent.

GILFILLAN, C. J. Appellant Baumhoefer was sued by the name of Baumhager, with the other defendant, upon a promissory note made by them to plaintiff. The defendant served notice of appearance, and also an answer denying each and every allegation in the complaint. Whereupon the plaintiff procured from the judge of the district court an order requiring defendants, at a time and place specified, to show cause why the proceedings should not be amended by inserting appellant's true name in the place of the name by which he was sued, and why the answer should not be struck out as sham and false, and plaintiff have judgment. The order, with the affidavits on which it was issued, was duly served, and, at the time and place appointed, neither of the defendants appearing to oppose, and the plaintiff appearing, the relief sought by the order was granted, the proposed amendment was ordered, the answer struck out as sham and false, and judgment ordered for plaintiff, and judgment entered accordingly. From the judgment this appeal is taken.

The error alleged is in the making of the order amending the proceedings, striking out the answer, and for judgment. That order was granted by default, and without a decision upon the merits of the application, under rule 10 of the rules of the district court, which reads: "Whenever notice of a motion shall be given, or an order to show cause served, and no one shall appear to oppose the motion or application, the moving party shall be entitled, on filing proof or admission of service, to the relief or order sought, unless the court shall

otherwise direct." In such case the non-appearance is taken as a consent that the relief sought shall be granted. If it is not so intended, the proper remedy is by application to the district court, where the default may be explained and the order opened for examination on its merits. Without such application this court will not review an order so granted by default. *Johnson* v. *Howard*, 25 Minn. 558.

Judgment affirmed.