## A. C. BAUSMAN *vs.* P. M. WOODMAN.

July 8, 1885.

**Pleading—Demurrer to Reply.**—A reply is demurrable for insufficiency when, if true, it is in law, for any reason, no answer to the new matter set up in the defendant's answer, even though its insufficiency be such that it could properly be stricken out upon motion.

**Same—Demurrer to Reply Reaches Complaint.**—A demurrer reaches back to the first fault in pleading, so that upon demurrer to the reply defendant may attack the complaint.

**Same.**—Complaint *held* to state a cause of action, but demurrer to reply sustained.

The complaint in this action, commenced in the district court for Hennepin county, alleges a copartnership between plaintiff and defendant under the following agreement, viz.:

"Memorandum of agreement made this 20th day of November, 1882, between A. C. Bausman, party of the first part, and P. M. Woodman, party of the second part, witnesseth: 1st. That they do hereby enter into an agreement for the publication of Woodman's Court Almanac and Lawyers' Diary for the years 1883 and 1884, for tho state of Minnesota. 2nd. Said second party is to furnish all the rights necessary for publication and sale under his copyright of said almanac and diary, charging against said book simply the actual cost of said copyright. 3d. Said second party agrees to canvass for said book, in the sale thereof, the cities of Stillwater, St. Paul and Minneapolis. 4th. Said first party agrees to make and sell said book, and charge against said book simply the actual cost of manufacture and sale of said book. 5th. Travelling expenses are to be charged against the book, as also expense of advertising. 6th. The first money received from the sale of said book shall be devoted to the payment of manufacture of said book. 7th. The said first party agrees to attend· to the sale of said book outside of the three cities above-named. 8th. The actual net profits after sale of said book to be equally divided

between the parties.    9th. As early as the 1st day of February in
each year each party hereto shall make statement, the one to the ,
other, of his disbursements and receipts in the matter of the manu-
facture and sale of said book.                    P. M. WOODMAN.

"A. C. BAUSMAN."

The complaint also shows that plaintiff printed and published the
book for the year 1883, and furnished all the labor and materials
therefor; that defendant has sold many copies of the book, has kept
all the books of account, has made certain small payments to plain-
tiff, and rendered partial and incomplete statements; that there are
other and further sums due to plaintiff, and that defendant has never
given plaintiff any account of the unsettled balance.

The complaint further shows that the agreement was modified for
the year 1884 (in particulars unimportant here;) that plaintiff printed
and published the book for the year 1884, as he had done for the year
1883; that defendant conducted the sale of the book as in the previ-
ous year, and has not accounted for the business of that year.    The
complaint also shows that plaintiff is unable to obtain access to the
books of account and is unable to state what profits have been made,
but "he is satisfied from the best estimates he can make in the prem-
ises" that there are considerable sums unaccounted for.    Wherefore
the plaintiff prays for a dissolution of the partnership and an ac-
counting of its business.

The answer admits the agreement set out in the complaint and the
modification thereof, and the printing and sale of the book, but de-
nies that the plaintiff and defendant were partners, or that the agree-
ment was articles of copartnership; denies that there is anything
owing to plaintiff, and alleges that defendant has always been and
now is ready and willing to make a full accounting.    The answer then
sets up two counterclaims, the first for damages occasioned by plain-
tiff's delay in printing the book, and the second for professional serv-
ices as an attorney-at-law.

The reply, among other matters, contains allegations relating to
sales of the book in Wisconsin and Dakota, and a failure on the part
of defendant to account for these sales.

To such portion of the reply the defendant demurred, and appeals from an order by *Young*, J., overruling the demurrer.

*Edward Savage*, for appellant.

*Welch & Botkin*, for respondent.

BERRY, J.    1. "If a reply to any new matter set up in the answer is insufficient, the defendant may demur thereto, stating the ground thereof." Laws 1881, *c.* 44, § 2.    A reply is insufficient when, if true, it is in law, for any reason, no answer to the new matter set up in the defendant's answer.    And when it is thus insufficient, it is, under the statute cited, demurrable, although its insufficiency may be such that it could be properly stricken out more unceremoniously on motion.

2. A demurrer reaches back to the first fault in pleading, so that upon demurrer to a reply the defendant may attack the complaint. *Lockwood* v. *Bigelow*, 11 Minn. 70, (113;) Moak's Van Santv. Pl. 654–656.

3. The reply in this case was clearly insufficient.    It was responsive to nothing in the amended answer, (the only answer in the case: *Hanscom* v. *Herrick*, 21 Minn. 9,) but was rather an attempt to remedy the shortcomings of the complaint.    We think the complaint states a cause of action.    If it sufficiently alleges partnership, this will hardly be disputed.    If it does not sufficiently allege partnership, it certainly does allege a contract to combine the property and labor of each party in a common business enterprise to be prosecuted for the benefit of both, and that out of the prosecution of this enterprise either mutual accounts or accounts on one side, with reference to which a material discovery is asked, or both, have arisen, which either party has a right to have "fairly and fully adjusted and settled according to the provisions of the contract." *Garner* v. *Reis*, 25 Minn. 475; *Greenleaf* v. *Egan*, 30 Minn. 316; 1 Story, Eq. Jur. §§ 457, 459.    Though the complaint appears to contain much matter which will be altogether superfluous and unavailable without considerable amendment, we think that it sufficiently shows a right in plaintiff to maintain this action for an accounting, adjustment, and settlement of what may, with sufficient accuracy for our present purpose, be called the business of 1883.    This is all that we deem it necessary

to say with reference to the complaint as it now is, as we presume it will be found advisable to considerably amend it.

For the insufficiency of the reply the demurrer should, however, have been sustained, and the order overruling it is accordingly reversed.