HENRY A. BRUNS *vs.* SALLIE SCHREIBER *et al.*

Argued Dec. 3, 1891.   Decided Feb. 8, 1892.

**Amendment of Complaint.**—In an action for breach of the covenants contained in a deed of conveyance the complaint set forth all the covenants, and a paramount title to and possession of a strip *two hundred* feet wide across the granted land in a railroad corporation by grant from congress. By an amended complaint it was alleged both that the grant of congress conveyed the title to the railroad company of a strip *four hundred* feet wide, and that it granted perpetual easement therein for right of way. *Held*, that the amended complaint did not set forth a new cause of action which would be barred by the running of the statute of limitations subsequent to the filing of the original complaint.

**New Cause of Action not to be Introduced.**—A substituted pleading, which is properly allowable as a mere amendment, will not embrace or constitute a new cause of action.

**Breach of Covenants in Deed.**—An adverse interest paramount to that of the covenantor, and rightful possession thereunder, excluding the grantee, may constitute a breach both of the covenant for quiet enjoyment and of freedom from incumbrances; and, upon such a case being shown, a plaintiff suing for breach of covenant is not required to elect upon which covenant he will seek a recovery.

**Striking Out Amended Pleading.**—The refusal to strike out an amended pleading, which had been allowed on default of the adverse party to appear and oppose its allowance, sustained.

Appeal by plaintiff, Henry A. Bruns, from an order of the district court of Clay county, *Mills*, J., made June 15, 1891, refusing a new trial.

Franklin J. Schreiber and his wife, Sallie, of Allentown, Pa., on September 15, 1881, conveyed to the plaintiff, Henry A. Bruns, all of section nine, (9,) and the east half of the northeast quarter of section five, (5,) in township one hundred and thirty-nine (139) north, of range forty-eight (48) west, in the city of Moorhead, in Clay county, Minn., containing seven hundred and sixteen (716) acres. The consideration paid was $45,000. The deed contained covenants by both the grantors that they were lawfully seised of the

premises, and had good right to convey the same; that the lands were free from all incumbrances, except mortgages to the amount of $9,400, (which grantee assumed to pay;) that the grantee, his heirs and assigns, should quietly enjoy and possess the land; and that grantors would warrant and defend the title against all lawful claims except said mortgages. The Northern Pacific Railroad Company, under 13 U. S. St. ch. 217, § 2, then owned a perpetual right of way over and upon, and was in possession of, a strip of land one mile long and four hundred (400) feet wide, across said section nine, (9,) near, and parallel to, its north line, for its railroad, side tracks, and other structures and improvements, but no exception or reservation thereof was made in the deed.

This action was commenced October 24, 1887, against the grantors. The plaintiff by his complaint set forth all the covenants in the deed, and attached a copy, but the only breach he alleged was that defendants had failed to preserve and keep him in the quiet enjoyment of a strip of land one mile long and two hundred (200) feet wide, containing 24¼ acres, and claimed $3,010 damages. On May 18, 1889, the plaintiff amended his complaint, and alleged that the strip of land taken was four hundred (400) feet wide, and contained 50 acres, and claimed $11,000 damages. In this amended complaint he alleged, for breach of the covenants, that grantors had not, at the time of the execution of the deed, a good and sufficient title to, or good right to convey, this 50 acres; that the Northern Pacific Railroad Company had paramount title thereto, and by virtue thereof had taken and was in possession of it, and kept the plaintiff out; and that the land conveyed was not free from incumbrance, except said mortgages, but was incumbered by said railroad right of way.

The defendants, among other things, answered that the deed was made in part performance of a previous oral agreement of sale, in and by which plaintiff agreed to convey said right of way to the railroad company. The grantor, Franklin J. Schreiber, afterwards died intestate, and William R. Tanner and Sallie Schreiber were appointed administrators of his estate, and substituted as defendants in place of the intestate. The action was tried June 27, 1889, and on the trial the court received evidence of this parol agreement, and

defendants had a verdict.    On appeal to this court a new trial was granted.    43 Minn. 468.

Defendants then, on leave obtained, amended their answer, December 20, 1890, and averred, among other things, that the cause of action set forth in the complaint did not accrue within six years next prior to the commencement of the action.    These issues were brought to trial January 8, 1891, before a struck jury.    On motion of defendants, the trial court required plaintiff to elect upon which of the covenants in the deed he would rely.    Plaintiff excepted to this ruling, and then elected to rely on the covenant against incumbrances.    After the evidence was all in, defendants moved the court to instruct the jury to return a verdict for defendants, on the ground that the cause of action for breach of the covenant against incumbrances was first presented to the court by the amended complaint on May 18, 1889, more than six years after the breach of the covenant.    The court granted the motion, plaintiff excepted, and a verdict was entered accordingly.    Plaintiff moved for a new trial for errors of law occurring at the trial, and excepted to by him.    It was refused, and he appealed.

*R. R. Briggs,* for appellant.

If this suit, being for a breach of all the covenants, could be construed as a separate cause of action on each covenant, yet all of said causes of action could be united in one suit.    *Craig* v. *Cook,* 28 Minn. 232; *Bishop* v. *Chicago & N. W. R. Co.,* 67 Wis. 615;. *Gammon* v. *Ganfield,* 42 Minn. 368; *Armstrong* v. *Chicago, M. & St. P. R. Co.,* 45 Minn. 86.

The amended complaint stated accurately the facts which the original complaint attempted to set up.    The cause of action is the same, to wit, the existence of the right of way of the railroad company on the land in question.    *Boyd* v. *Bartlett,* 36 Vt. 9; *Tillotson* v. *Prichard,* 60 Vt. 94.

*Burnham & Tillotson,* for respondents.

An amendment of a complaint so as to present a new cause of action, which was barred at the time of the amendment, but which was not barred when the action was brought, will not defeat the operation of the statute as to such new matter, because, as to it,

the statute was not suspended until the amendment was made. Wood, Lim. Act. § 294; *Lagow* v. *Neilson*, 10 Ind. 183; *Holmes* v. *Trout*, 7 Pet. 171; *Miller* v. *McIntyre*, 6 Pet. 61; *Sicard* v. *Davis*, 6 Pet. 124; *Illinois Cent. R. Co.* v. *Cobb*, 64 Ill. 128; *Phelps* v. *Illinois Cent. R. Co.*, 94 Ill. 548; *Roe* v. *Doe*, 30 Ga. 873; *Jones* v. *Johnson*, 81 Ga. 293; *Robbins* v. *Harris*, 96 N. C. 557; *Buntin* v. *Chicago, R. I. & P. Ry. Co.*, 41 Fed. Rep. 744; *Buel* v. *Transfer Co.*, 45 Mo. 562; *Scoville* v. *Glassner*, 79 Mo. 449.

DICKINSON, J.   The case as presented on a former appeal in this action is reported in 43 Minn. 468, (45 N. W. Rep. 861.)   This appeal is upon the case made at the second trial of the cause.   In May, 1889, the plaintiff introduced an amended complaint, upon which issue was joined by an amended answer, and upon which the cause was tried.   At the close of the trial the court directed a verdict for the defendants, upon the ground that the cause of action presented in the amended complaint, and upon which by compulsion the plaintiff elected to stand, had become barred by the statute of limitations subsequent to the commencement of the action, and before the filing of the *amended* complaint.   Two principal questions are presented:   *First*, whether the court erred in requiring the plaintiff to elect; and, *second*, whether the cause of action set forth in the amended complaint was a new cause of action, not before a subject of the litigation, so that it had become barred by the statute since the commencement of the action.

1. For convenience we will first consider the second of these questions.   As to this, we think that the court erred.   Both complaints are founded upon an alleged breach of covenants in the deed executed by the original defendants, Franklin J. Schreiber and wife, to the plaintiff, in 1881, which deed, with the usual covenants of warranty, for quiet enjoyment and freedom from incumbrance, is fully set forth in both pleadings.   In both the breach of covenant is alleged to consist in the rights acquired by the Northern Pacific Railroad Company by grant from the United States, paramount to the title of the plaintiff's grantors.   It appears from both pleadings that the land in question, and in respect to which the railroad company is alleged to have such superior rights, is a strip of land extending through a section

of the land conveyed to the plaintiff by said deed, being the land on which the line of railroad of that corporation has been constructed. In the original complaint this strip was alleged to be two hundred (200) feet wide, embracing a little over twenty-four (24) acres. In the amended complaint it is said to be four hundred (400) feet wide, or about fifty (50) acres. In the original complaint it was averred that by the congressional grant "the legal title as well as the rights of possession for all time" were vested in the corporation, and a recovery was evidently sought upon the theory that the paramount rights and the possession taken by the railroad company constituted a breach of the convenants of warranty and for quiet enjoyment. In the amended complaint it is alleged both that the railroad company had the paramount title; that the plaintiff's grantors were not the owners, and had no right to convey; and also that the act of congress granted to the corporation the perpetual use of the strip four hundred (400) feet wide as a right of way; and the alleged adverse rights and possession of the corporation are evidently relied upon as constituting a breach both of the covenants of warranty and of freedom from incumbrance. The amended complaint does not introduce a new cause of action. The cause of action set forth in both pleadings is in its real substance the same; that is, a breach of the covenants of the deed by reason of the paramount right of the railroad company conferred by the granting act of congress, and by reason of the possession of the corporation thereunder and to the exclusion of the plaintiff. Even if the amended complaint had averred only that such paramount interest granted to the corporation was in its nature and quality a perpetual easement,—a right of way,—the original complaint having stated that it was a legal title to the land itself, it could not have been regarded as a new cause of action. The same subject of litigation was presented in the original complaint, and under it, upon proof that the interest conferred by the granting act was only a perpetual easement, the possession of the railroad company thereunder would have constituted a breach of the covenant for quiet enjoyment, at least, although the same right in the railroad company might also be a breach of the covenant against incumbrances. The amendment of the allegations as to the nature

and extent of the interest vested in the corporation, and under which it rightfully held possession, did not introduce a new cause of action. In so saying we refer not only to the quality or nature of the interest vested in the railroad company, but as well to the quantity of the land embraced in the grant to the corporation. In brief, the substituted complaint was properly allowable as a mere amendment of the original pleading, and that is equivalent to saying that it did not set forth a new cause of action. *Tillotson* v. *Prichard,* 60 Vt. 94, (14 Atl. Rep. 302;) *Boyd* v. *Bartlett,* 36 Vt. 9; *Guild* v. *Parker,* 43 N. J. Law, 430; *North Chicago Rolling-Mill Co.* v. *Monka,* 107 Ill. 340; *Nashville, C & St. L. Railway* v. *Foster,* 10 Lea, 351.

2. We have referred to an election by the plaintiff. After the evidence for the plaintiff had been introduced, he was required, on motion of the defendants, to elect upon which of the covenants he would rest his right of recovery. He elected to rest on the covenant against incumbrances, and the court, after the evidence was all in, directed a verdict as before stated; that right of action being regarded as first introduced by the amended complaint, and after it had been barred by the statute of limitations. We cannot recognize the case as justifying the requirement that the plaintiff elect upon which of the covenants he would rest his case. He had pleaded all the covenants in the deed; and, though it be conceded that the evidence showed only a perpetual easement and possession in the railroad company, which would constitute a breach of the covenant against incumbrances, the same facts might also be relied on as constituting a breach, at least, of the covenant for quiet enjoyment. The facts alleged would justify this, and there would be no inconsistency in so doing. However, this was probably a matter of little practical consequence, for the plaintiff seems to have tried the case, before he was required to elect, with a view to recovery only for a breach of the covenant against incumbrances.

3. As to the allowance of the amendment of the answer upon default of the plaintiff to appear to oppose the motion, we need only to refer to *Dols* v. *Baumhoefer,* 28 Minn. 387, (10 N. W. Rep. 420,) and to add that the subsequent refusal of the court to revoke its order was not an abuse of discretion.

It is unnecessary to consider other questions, which the result, upon grounds already stated, renders unimportant. We do not consider whether it was proper to receive evidence of the actual value of the land as a basis for the measurement of damages, or whether the price paid is to be taken as the basis, for the reason that the matter, lightly passed over in the appellant's brief, is not discussed by the respondents.

Order reversed.

(Opinion published 51 N. W. Rep. 120.)