James H. Bishop & Co. *vs.* John F. Travis *et al.*

Argued Oct. 24, 1892.  Decided Oct. 29, 1892.

Pleading—Departure.

>    In an action against the maker, the complaint alleged the execution of a promissory note to the payee, and the indorsement and transfer of it by the payee to the plaintiff.  The answer alleged payment of the note to the payee, and a redelivery of it by him to the maker.  The reply admitted the fact of the redelivery of the note, but alleged that the maker had subsequently, for value, transferred it to one C., who in turn transferred it to plaintiff.  *Held,* that the reply was not a departure from the complaint.

Appeal by John F. Travis, one of the defendants, from an order of the District Court of Hennepin County, *Smith,* J., made March 28, 1892, overruling his demurrer to the reply.

This action was brought by the plaintiff, James H. Bishop & Co., a corporation, against the defendants, John F. Travis and the Buckeye Publishing Company, on two promissory notes, for $568.95 each, made by Travis July 5, 1888, payable to Buckeye Publishing Company, and indorsed and transferred by it to the plaintiff. The

defendant Travis answered the complaint, and plaintiff replied to his answer, as stated in the opinion. Travis demurred to the reply, and from an order overruling his demurrer, appeals.

*Ferguson & Kneeland,* for appellant.

*Sutherland & Van Wert,* for respondent.

MITCHELL, J. The complaint alleges the execution by defendant, Travis, of two promissory notes, payable to the order of the Buckeye Publishing Company, and the indorsement and delivery of them by the payee to the plaintiff before maturity.

The substance of Travis' answer is that at maturity he paid the notes to the payee, which surrendered and redelivered them to him. The reply admits the redelivery of the notes to Travis by the payee, but alleges that Travis again put them afloat by transferring them for a valuable consideration to one Cook, who in turn transferred them to the plaintiff. To this reply a demurrer was interposed on the ground that it was a departure from the complaint.

It is settled in this state that a departure may be taken advantage of by demurrer. *Bausman* v. *Woodman,* 33 Minn. 512, (24 N. W. Rep. 198.) A departure in pleading is where the party quits or departs from the case or defense which he first made, and has recourse to another,—the statement of matter which is not pursuant to the previous pleading of the same party, and which does not support and fortify it. Matter which merely explains and fortifies the previous pleading is not a departure. Moreover, a variation in *immaterial* matter is not a departure.

Now, in this case the material matters were the execution of the notes by Travis, and the fact that the ownership of them had passed from the payee to the plaintiff, and not the date at which, or the precise manner in which, this had been done.

Suppose, as from the pleadings we may, that the facts were that the payee redelivered the notes, with its blank indorsement, to Travis, the maker, and that he put them into circulation again, and that they passed by delivery or blank indorsements to different parties in succession, until they were finally transferred to the plaintiff, there could be no doubt but that plaintiff could declare on them, just as it has

done in this case, by omitting to notice the intermediate transfers, and allege a transfer by the payee directly to itself.

In this case Travis set up the redelivery of the notes to him as constituting an extinguishment of them. In the reply the plaintiff admits the fact of the redelivery, but seeks to avoid the effect which Travis claims for it by alleging that, for a valuable consideration, he reissued the notes. This is not a departure, but in the nature of what in pleading is called a "new assignment," which is but a restatement, with greater particularity and exactness, of the same cause of action already set up in the complaint.

Order overruling the demurrer affirmed.

COLLINS, J., absent, took no part.

(Opinion published 53 N. W. Rep. 461.)