HANS HANSON v. JOHN T. BYRNES.[1]

October 20, 1905.

Nos. 14,489—(155).

**Action ex Delicto.**
    The complaint herein states a cause of action ex delicto.

**Counterclaim**
    A cause of action cannot be pleaded as a counterclaim to an action ex delicto, unless it arises out of the transaction set forth in the complaint or is connected with the subject-matter of the action.

1 Reported in 104 N. W. 762.

**Same.**

> The alleged causes of action pleaded in the answer herein do not constitute proper counterclaims.

Appeal by plaintiff from an order of the district court for Meeker county, Qvale, J., overruling a demurrer to counterclaims set up in defendant's answer to the complaint. Reversed.

*Alva R. Hunt,* for appellant.

*H. S. McMonagle,* for respondent.

START, C. J.

The complaint purports to allege a cause of action for damages sustained by reason of the deceit and the fraudulent representations of the defendant as an attorney at law. The answer denied each allegation of the complaint, except the formal allegation that the defendant was an attorney at law and performed legal services for the plaintiff. It then alleged three separate counterclaims as follows: First, that between January 1, 1898, and January 1, 1903, the defendant at the request of the plaintiff performed services as an attorney at law for him, for which the plaintiff agreed to pay the defendant $1,900; second, that between January 1, 1897, and January 1, 1905, the defendant at the request of the plaintiff paid for him $236, which he promised to repay to the defendant; third, that between January 1, 1897, and January 1, 1903, the defendant at the request of the plaintiff loaned to him $214.67, which he promised to repay to the defendant. The plaintiff demurred to each of these alleged counterclaims on the ground that it did not constitute a counterclaim. The trial court overruled a demurrer, and the plaintiff appealed.

1. The defendant here seeks to justify the order overruling the demurrer on the ground that a demurrer reaches the first defective pleading and that the complaint does not allege facts constituting a cause of action. Upon a demurrer to an answer the sufficiency of the complaint as to matters of substance may be considered, and judgment given against the party whose pleading was first defective. First Nat. Bank of St. Paul v. How, 28 Minn. 150, 9 N. W. 626; Bausman v. Woodman, 33 Minn. 512, 24 N. W. 198. Whether this rule has any application to a case where by the answer the complaint has become the subject of an issue of fact, and the demurrer is to a counterclaim

which alleges a separate and independent cause of action, is an open question in this state. See 1 Chitty, Pl. 669; Anderson v. Thompson, 88 Ind. 405, and Lawe v. Hyde, 39 Wis. 345.

We assume, for the purposes of a decision of this case only, that such demurrer searches the entire record and fastens upon the first defective pleading. Such a demurrer, however, can reach only prior pleadings which are defective in substance, and not those which are only technically so. Stratton v. Allen, 7 Minn. 409 (502). It follows that the allegations of the complaint herein are not to be construed with the same strictness that would be required if the defendant had demurred to the complaint, instead of answering it, and that it will be held sufficient if by a fair intendment it states facts constituting a cause of action. The allegations of the complaint herein are unnecessarily voluminous and somewhat involved; but, construing them liberally, it must be held that the complaint states a cause of action ex delicto for the recovery of damages which the plaintiff has sustained by the fraudulent and deceitful representations and advice made and given by the defendant as an attorney at law to the plaintiff, whereby he was induced to pay the defendant $1,007.65. It is true, as suggested by the defendant, that there is no direct allegation of the ultimate fact that the plaintiff lost the sums paid to the defendant, or that he sustained damages in the sum so paid by reason of the fraudulent representations and advice; but this conclusion may be fairly inferred from the facts alleged. We hold that the complaint states a cause of action.

2. The cause of action alleged in the complaint not being one arising on contract, but an action ex delicto, it is obvious that a cause of action cannot be pleaded as a counterclaim thereto unless it arises out of the transaction set forth in the complaint or is connected with the subject-matter of the action. G. S. 1894, § 5237; Dunnell, Minn. Pl., §§ 559–565. This proposition is not controverted by the defendant, but he claims that the causes of action pleaded as counterclaims all grew out of the same subject-matter or transaction alleged in the complaint. This may be true; but, if true, the fact remains that it does not so appear upon the face of the pleadings, for the alleged counterclaims contain no allegations showing that the causes of action so pleaded grew out of the transaction set forth in the complaint or that they were connected with the subject-matter of the action. A simi-

larity of dates is the only suggestion of such connection. This is not sufficient, and we hold that the alleged causes of action pleaded in the answer do not constitute proper counterclaims to this action.

Order overruling the demurrer is reversed.