## JOHN GILBERT v. CHARLES J. GILBERT and Another.[1]

December 13, 1912.

Nos. 17,970—(154).

**Limitation of action — demurrer.**
> The bar of the statute of limitations is not available on demurrer, unless it clearly and unequivocally appears from the face of the pleading attacked that the statute has run against the cause of action alleged.

**Same — demurrer to amended complaint.**
> Assuming, without deciding, that where the original complaint states one cause of action, and an amended complaint, which takes the place of the

[1] Reported in 138 N. W. 943.

original, states another and different cause, the action must be treated as begun at the time of the service of the amended complaint, the rule is not applicable to this case, for the original and amended complaints relate to one and the same cause of action in substance. So construed, the action stated in the amended complaint must be treated as instituted at the time of the service of the summons, and a demurrer thereto, upon the ground that the statute of limitations had run before the service of the amended complaint, was rightly overruled.

Action in the district court for Polk county to recover $8,498.50 for conversion. From an order, Watts, J., overruling defendants' demurrer to the amended complaint, they appealed. Affirmed.

*Eric O. Hagen,* for appellants.

*Peterson & Adams,* for respondent.

HOLT, J.

Appeal from an order overruling a demurrer to an amended complaint.

The original complaint appears to have been served in October, 1907. In substance the cause of action therein alleged is this:

On December 4, 1902, plaintiff owned certain lands in Polk county, which he employed one Rosaaen to sell. It was then thought that this could be done more advantageously by conveying the lands to Rosaaen. Rosaaen was unable or unwilling to sell, and on September 26, 1903, it was mutually agreed between plaintiff and defendants that they should pay to Rosaaen such amounts as the latter had paid out at plaintiff's request for interest on incumbrances, taxes, and abstract fees in connection with the land, and should obtain a conveyance from Rosaaen, and thereafter sell the lands for and on account of plaintiff, and out of the proceeds reimburse themselves for the amounts paid to Rosaaen, and also retain a reasonable commission for selling the lands, and account and pay to plaintiff the balance of the proceeds of the sale. It is stated that defendants under the agreement paid Rosaaen $426.50 and procured a deed from him to the defendant Charles J. Gilbert for the lands, which defendants thereupon undertook to sell. Shortly thereafter they sold one piece, and received $525, and on or about October 27, 1905,

disposed of the balance, receiving in payment from the purchaser, on or about January 6, 1906, certain hardware and merchandise of the cash value of $8,400. It is alleged that thereafter, and on or about January 6, 1906, defendants converted said merchandise to their own use.

In February, 1912, plaintiff at a general term asked for and obtained leave to serve an amended complaint; but when, on March 13, 1912, such pleading was served, defendant returned it on the ground that a different cause of action from the one set out in the original complaint was stated. However, the court, by order dated May 4, 1912, permitted the proposed amended complaint to be substituted for the original. Thereupon defendants demurred, on the ground that several causes of action were improperly united, and that the facts stated in the amended complaint do not constitute a cause of action.

The amended complaint, after alleging, substantially as in the original, plaintiff's ownership of the lands and the agreement under which the conveyance was made to Rosaaen, alleges more in detail the agreement between plaintiff and defendants under which defendants were to pay Rosaaen what he had advanced for plaintiff, take a conveyance of the lands, and sell the same for plaintiff, reimburse themselves for the money paid to Rosaaen, retain a reasonable commission for selling, and account and pay over to plaintiff the balance. The amended complaint then avers that plaintiff was the father of defendants, old and unused to business matters; that he was at the time greatly depressed on account of the death of his wife, the mother of defendants; that defendants were active business men, and plaintiff relied upon them, not only as sons, but on their integrity and ability as business men; and that he was hard pressed for money, and believed defendants would be able to handle the business better than he could. It is further alleged that defendants, in order to procure the conveyance to be made to them, represented to plaintiff that if he would cause the title to said lands to be placed in their name they would be able rapidly to dispose of the same, and would do so, and faithfully account to him for the proceeds; that plaintiff relied on these representations, but that the defendants made them in bad faith, for the express purpose of cheating and defrauding plaintiff out of

the lands, and pursuant to such purpose they paid to Rosaaen on September 26, 1903, $426.50 and procured from him a warranty deed running to defendant Charles J. Gilbert. A sale, on or about October 27, 1905, of a piece of these lands is then averred to one Hamilton for $525, out of which defendants reimbursed themselves for the money paid to Rosaaen, and also that thereafter, and on or about October 27, 1905, said defendants sold the remaining portion of said land to one L. E. Larson for the sum of $8,400, which was the value of plaintiff's equity therein, which sum defendants wilfully appropriated and converted to their own use, and refuse to account for or pay over any part to plaintiff. Judgment is asked for $8,400 and interest from January 6, 1906.

No claim is now made that the amended complaint is demurrable because several causes of action are improperly united, so that the sole question is: Does the amended complaint state facts constituting a cause of action?

The appellants claim the original complaint was for conversion, but the amended complaint states an entirely different cause of action, namely, one in fraud and deceit; hence the action cannot be deemed to have been begun until the amended complaint was served, and since it appears that the defendants obtained the property through the alleged fraud and deceit more than six years before the service of the amended pleading, and no allegation is contained therein that plaintiff did not discover the fraud until within the six years from the service of the amended complaint, the demurrer was well taken. We may assume for the purpose of this decision that by serving an amended complaint the action, as far as affected by the statute of limitations, must be considered as begun at the time of the service of such complaint, and not as of the time of the service of the summons. Nevertheless, we think the demurrer was properly overruled.

A complaint is not demurrable on the ground that the statute of limitations has run against the cause of action alleged therein, unless it clearly and unequivocally appears therefrom that such is the case. Kennedy v. Williams, 11 Minn. 219 (314) ; McArdle v. McArdle, 12 Minn. 53 (98) ; Davenport v. Short, 17 Minn. 8 (24) ; Trebby v. Simmons, 38 Minn. 508, 38 N. W. 693 ; Humphrey v. Carpenter, 39

Minn. 115, 39 N. W. 67, down to the case of Thornton v. City of East Grand Forks, 106 Minn. 233, 118 N. W. 834. Under this rule it may be doubtful whether an allegation that the act upon which the action is predicated took place on or about a certain date fixes that date as the one from which the statute begins to run. Lockwood v. Bigelow, 11 Minn. 70 (113).

But we do not need to determine that proposition, for, as we construe the original and amended complaints herein, the latter does not state a new or different cause of action. The relation of the parties, and the element of alleged deception introduced in the amended complaint, may be regarded as surplusage or inducement to the real cause of action, namely, the conversion of the proceeds of plaintiff's lands. Under both complaints it clearly appears that plaintiff intended to place the title to his lands in defendants to facilitate the sale thereof. The defendants were acting exactly in accordance with plaintiff's desires and their employment in making the sales and receiving the proceeds. Although defendants may have been actuated by bad faith from the first, they did nothing contrary to plaintiff's instructions or in opposition to his interests until they failed to account and pay over the proceeds of the sale to plaintiff. In neither pleading does plaintiff ask to have the conveyances set aside, or seek to recover from defendants the value of the land. The only difference is that in the original complaint the allegation was that defendants received a hardware stock worth $8,400 for plaintiff's equity, and they converted that to their own use, while in the amended complaint the averment is that defendant received $8,400, which they converted and failed to pay over or account for.

The court correctly disposed of the demurrer.

Order affirmed.