BEN F. HERR v. CHICAGO, MILWAUKEE & ST. PAUL
RAILWAY COMPANY.[1]

January 5, 1923.

No. 23,218.

Limitation of actions for injury to employe of steam railroad—1915 Act.
      Chapter 187, Laws of 1915, covers the entire field under which a
steam railroad employer engaged in intrastate commerce shall be lia-
ble for injury to its employes likewise engaged, and the two years'
statute of limitations prescribed by that act applies to all actions to
recover damages for such injuries.

Action in the district court for Blue Earth county to recover $30,-
000 less $250, for injuries received while in the employ of defendant
company. The railway company's demurrer to the complaint on
the ground that upon its face it did not state facts sufficient to
constitute a cause of action was sustained by Comstock, J. From
the order sustaining the demurrer, plaintiff appealed. Affirmed.

      *Harry Christopher* and *S. B. Wilson*, for appellant.

      *F. W. Root, C. O. Newcomb, A. C. Erdall* and *C. J. Laurisch*, for
respondent.

HALLAM, J.
      This action was commenced December 10, 1921.
      Defendant railway company demurred to the complaint on the
ground that it does not state facts sufficient to constitute a cause
of action, the claim being that the complaint shows that the statute
of limitations had run before the commencement of the action. The
trial court sustained the demurrer. Plaintiff appeals.
      The trial court treated the case as one under the Federal Em-
ployers Liability Act. If the court was right in this particular,
the case comes within the decision of this court in Kannellos v.
Great Northern Ry. Co. 151 Minn. 157, 186 N. W. 389, where it was

[1] Reported in 191 N. W. 607.

held that a similar action was barred by the two years' limitation of the Federal statute.

The complaint alleges that plaintiff was in the employ of defendant corporation as a brakeman in its Bass Lake yard, that defendant Shumway was the switch foreman at said yard, and defendant Smithers an engineer in charge of a locomotive and train operated in said yard, and that on January 25, 1919, plaintiff was injured while in the course of his employment, because of a defective switch, and of the negligent operation of the locomotive and train on the part of all of the defendants. The complaint alleges that the action is not brought under chapter 187, p. 253, Laws 1915, and plaintiff does not claim any privileges or benefits under said law, but bases his right to recover upon the laws of Minnesota as they existed prior to the passage of said law. Plaintiff contends that the case is ruled by our state statutes. In this defendant concurs, and it seems to us properly, for the complaint alleges no facts to bring the case under the application of Federal statutes, and that the laws of the state of Minnesota apply to the case.

Prior to 1915 the limitation period for actions of this character was six years. G. S. 1913, § 7701. The act of 1915 provides that "no action shall be maintained under this act unless commenced within two years from the day the cause of action accrues." The question is, therefore, is this an action under the 1915 statute, and that involves the question, are all personal injury actions against railroad companies now governed by the act of 1915, for plaintiff has attempted to bring himself under the old law, and if a personal injury action may still be maintained against a railroad company under the old law, the old statute of limitations doubtless applies to such an action.

The common law gave to an injured railroad employe no right of action against the railroad company for the negligence of a fellow servant. As applied to this case it gave no right of action against the company for the negligence of defendant Shumway or Smithers, and permitted the defenses of assumption of risk and contributory negligence. It gave no right of action for wrongful death and the cause of action of the injured person did not survive his

death. The common law rules were justly considered inadequate and harsh.

The legislature early gave a right of action for death by wrongful act. Statutes of Minnesota 1851, p. 403, chapter 78, § 3. This act was general and not limited to railroad cases. The limit of recovery was at first $5,000, later increased to $7,500. Chapter 281, p. 395, Laws 1911. But under those statutes a right of action in favor of the injured person, for an injury not causing death, did not survive. In 1887 the legislature passed a law, chapter 13, p. 69, Laws 1887, G. S. 1913, § 4427, giving a right of action to employes engaged in hazards peculiar to railroading, for injuries caused by the negligence of a fellow servant. Lavallee v. St. Paul, M. & M. Ry. Co. 40 Minn. 249, 41 N. W. 974; Johnson v. St. Paul & D. R. Co. 43 Minn. 222, 45 N. W. 156, 8 L. R. A. 419. The rights of injured employes were still inadequately conserved. In 1913 the legislature passed the Workmen's Compensation Act, chapter 467, p. 675, Laws 1913.

The legislature of 1915, on the same day that chapter 187 was passed, also passed an act providing that the compensation statute should not apply to any common carrier by steam railroad (chapter 193), and on the next day overhauled the compensation act by an elaborate amendment, chapter 209, p. 285, Laws 1915. Chapter 187 extended liability of railroad companies for injuries caused by negligence of fellow servants and gave right of action for such negligence to all employes. Seamer v. Great Northern Ry. Co. 142 Minn. 376, 172 N. W. 765. It provided for liability of railroad companies for death by wrongful act, and for the survival of causes of action given by the act though for injuries not causing death, without limit as to amount of recovery. It abolished partially the defense of assumption of risk and also the defense of contributory negligence, except as the latter defense may diminish damages.

Now plaintiff claims that, notwithstanding this act, he still has a right to sue under the law as it existed before, that if he chooses to waive the benefits conferred by the new he may resort to the old. This contention would mean that an office employe, like Seamer in Seamer v. Great Northern Ry. Co. 142 Minn. 376, 172 N. W. 765,

might, by waiving the law abolishing the fellow servant rule, and by submitting to the defense of contributory negligence and assumption of risk, bring an action under the old law and thus have the benefit of the old statute of limitations. This would mean two coordinate laws on the same subject, between which the injured person may have an election, one the old common law with its patches, the other the act of 1915. We cannot concur in this construction of our laws. Our view of the act of 1915 is, that it was intended to give very much enlarged rights to railroad employes, and that it was intended to embody all of the law on the subject of liability of railroad companies for injuries to their employes sustained in the course of their employment. The title: "An act defining the liability of employers to their employes for personal injury or death" indicates it. And this is the view we have heretofore taken of the Federal Employers Liability Act as construed in McLain v. Chicago Gr. West. R. Co. 140 Minn. 35, 167 N. W. 349, 12 A. L. R. 688, where it was said that that act "covers the entire field under which the employer in interstate commerce shall be liable for injury to its employe likewise engaged." Chapter 187, p. 253, Laws of 1915, covers the entire field under which a steam railroad employer engaged in intrastate commerce shall be liable for injury to its employes likewise engaged.

It follows that an action for such injury must proceed, if at all, under the act of 1915, and that this action is barred by the limitation period prescribed by that act.

Order affirmed.