J. PATROE v. JAMES P. DAVIS, AS AGENT OF THE PRESIDENT OF THE U. S., ETC.[1]

January 19, 1923.

No. 23,306.

**Action against President's agent barred by statute of limitation.**
    This action for personal injury against the agent of the President, for the operation of a railway, was commenced more than two years after the alleged cause of action accrued. The cause of action was barred, whether it arose under the state or Federal statutes.

Action in the district court for St. Louis county to recover $11,467 for injuries received while in the employ of defendant. The case was tried before Hughes, J., who directed a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*S. S. Dahl*, for appellant.

*M. L. Countryman*, and *Baldwin, Baldwin, Holmes & Mayall*, for respondent.

HALLAM, J.

This action was commenced to recover damages for negligent injury to plaintiff while in the employ of defendant. Defendant answered, denying negligence, alleging that, at the time of the injury, plaintiff was employed in interstate commerce, that the action was not brought within two years from the date of plaintiff's injury, and

[1]Reported in 191 N. W. 596.

that the action is barred by the Federal Employers' Liability Act. The case was tried. The court directed a verdict for defendant on the ground that plaintiff was employed in interstate commerce when injured and that therefore the action was barred by the Federal statute of limitation.

No attempt has been made to comply with Rule 9 of this court, which requires the printing of such abridgment of the settled case as will clearly and fully present the questions arising on the appeal. None of the evidence is printed. No application has ever been made to be relieved from this rule.

We have, however, the admission in appellant's brief that the action was not commenced within two years from the date of the injury. Plaintiff contends that he was not engaged in interstate business. We have recently held that such an action outlaws in two years, under state as well as Federal statutes. Herr v. Chicago, M. & St. P. Ry. Co. supra, page 182, 191 N. W. 607. This decision seems decisive of the case. This point was not argued in the briefs of counsel, but it has been so recently decided after full argument and thorough consideration, that it seems unnecessary to call for further argument. True, if the business was intrastate, the answer is not in technically good form, for it alleges only the running of the limitation of the Federal statute. But it alleges the lapse of two years between the accrual of the cause of action and the commencement of the action, and, since the result must be the same, whichever statute applies, the pleading of the bar should be held sufficient.

Order affirmed.