# CASES

## ARGUED AND DETERMINED

### IN THE

## SUPREME COURT OF MINNESOTA

---

GRACE LOMBARD v. NORTHERN PACIFIC RAILWAY
COMPANY.[1]

June 13, 1924.

No. 23,992.

**Limit of recovery to $7,500 for death by wrongful act not applicable to
1915 act.**

1. Action for injuries causing death, and verdict for plaintiff.
Defendant's motion for judgment non obstante was denied. Plaintiff's motion for a new trial for error in ruling that the jury could
not award damages in excess of $7,500 was also denied. Both parties
appeal. *Held* that defendant is not entitled to judgment non obstante.
*Held* further that section 8175, G. S. 1913, limiting the amount recoverable in actions for injuries causing death, does not apply to
actions under chapter 187, Laws of 1915, known as the State Railway Employers Liability Act.

**Act constitutional.**

2. The act is constitutional.

**Objection waived.**

3. The objection that the administratrix was not the proper party
to bring the action was waived by failing to demur.

[1]Reported in 199 N. W. 887.

Action in the district court for Anoka county by the administratrix of the estate of James E. Lombard, deceased, to recover $50,000 for his death. The case was tried before Giddings, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict of $7,500. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. From an order denying her motion for a new trial, plaintiff appealed. Reversed and new trial granted.

*Patrick J. Ryan* and *Harry P. Churchill,* for plaintiff.

*D. F. Lyons* and *Frederic D. McCarthy,* for defendant.

TAYLOR, C.

This action for injuries causing death resulted in a verdict of $7,500 for plaintiff as administratrix of the estate of the deceased. Defendant made a motion for judgment notwithstanding the verdict. This motion was denied. Judgment was entered on the verdict and defendant appeals therefrom. Plaintiff made a motion for a new trial. This motion was also denied and plaintiff appeals from the order denying it.

1. Defendant having asked for judgment notwithstanding the verdict but not for a new trial, the only question presented by defendant's appeal is whether there is any competent evidence reasonably tending to sustain the verdict. Dunnell, Minn. Dig. and Supps. § 393 and cases there cited.

The deceased, James E. Lombard, was a switchman employed in defendant's railroad yard in the city of St. Paul. He was killed during a switching operation about 7:40 a. m. on the morning of October 10, 1922.

The tracks in this yard extend east and west. The north track is the lead track with which the others are connected by switches at the east end of the yard. The switch engine was on the north or lead track between a caboose and two box cars, the caboose being west of the engine and the box cars east of it. The movement was to place the box cars next to the caboose and the engine at

the east end of the box cars. To accomplish this the engine was uncoupled from the caboose and then pushed the box cars easterly beyond the switch leading to a track known as track 4. It was then run in on track 4 and the switch closed. The tracks are slightly down grade toward the west and the box cars were permitted to drift back by gravity past track 4. The last time the deceased was seen alive, he was climbing up the ladder at the side of the westerly box car for the purpose of setting the brakes. The cars came to a stop several carlengths east of the caboose. The engine ran out on the lead track and then ran west to couple to the box cars. The coupling did not make, and the force of the impact started the box cars in motion and they ran down to the caboose. The engine started forward with a switchman on the front footboard. After proceeding about a carlength, he discovered the body of Lombard lying across the north rail. Blood found on the wheels of the box cars indicated that all the wheels on the north side of these cars had passed over the body. The morning was foggy and the tops of the cars wet and slippery. Plaintiff claims that the engine struck the box cars with unusual and unnecessary force, and thereby caused Lombard to fall from the car upon the track. This claim rests upon the testimony of the brakeman who stated that the engine was moving too fast, but would not undertake to estimate the speed further than to say that it was more than three or four miles per hour. The engineer and fireman testified that the engine moved in the usual manner and only at the rate of two or three miles per hour. We think the evidence, although slight, made a question for the jury, and that judgment should not be directed for the defendant.

The sole question presented by plaintiff's appeal is whether the amount which may be recovered as damages in an action for injuries resulting in death, under chapter 187, p. 253, Laws of 1915, is limited to the sum of $7,500.

For many years, all actions for death caused by wrongful act in this state rested upon and were governed by the statute which now appears as section 8175 of the General Statutes of 1913. This statute originally fixed the limit of recovery at $5,000, but later

increased it to $7,500. On the theory that this limitation applied to the present action, the court instructed the jury that, in case they found for plaintiff, the award of damages could not exceed $7,500.

In 1913 the legislature enacted the Workmen's Compensation Law which applied to railway employes engaged in intrastate commerce, but not to those engaged in interstate commerce. The Federal Employers Liability Act included all common carriers by steam railroad and their employes engaged in interstate commerce, and superseded state statutes relating thereto. In 1915 the legislature enacted chapter 187 of the laws of that year, known as the State Railway Employers Liability Act, and at the same time excluded common carriers by steam railroad from the provisions of the Workmen's Compensation Law. The state act is patterned after and in substance adopts the provisions of the Federal act. The legislature evidently intended to bring the state law in harmony with the Federal law; and to impose the same liabilities and give the same remedies under the state act for injuries sustained while engaged in intrastate commerce that were imposed and given under the Federal act for injuries sustained while engaged in interstate commerce. The Federal act does not limit the amount which may be recovered as damages for injuries resulting in death. Neither does the state act, unless the liability imposed by that act is subject to the limitation found in section 8175, G. S. 1913.

In Herr v. Chicago, M. & St. P. Ry. Co. 154 Minn. 182, 191 N. W. 607, this court, speaking through Justice Hallam, said that the act of 1915 "covers the entire field under which a steam railroad employer engaged in intrastate commerce shall be liable for injury to its employes likewise engaged;" that the act, "was intended to embody all of the law on the 'subject of liability of railroad companies for injuries to their employes sustained in the course of their employment," and held that the liability for such injuries was to be determined exclusively by that act. We adhere to the conclusion reached in that case, and hold that the provisions of section 8175, G. S. 1913, do not apply to causes of action arising under the Railway Employers Liability Act of 1915.

The constitutional objections to this statute urged by defendant are sufficiently answered, we think, in Seamer v. Great Northern Ry. Co. 142 Minn. 376, 172 N. W. 765, and the cases there cited.

Section 8175, G. S. 1913, provided that actions for death caused by wrongful act should be brought by the personal representative of the decedent. The act of 1915 did not so provide until amended by chapter 333, p. 485, of the Laws of 1923. Defendant's argument that this action, having been brought by the personal representative before the amendment, should be deemed to have been brought under section 8175, is without force as that section no longer applies to such actions. The objection that plaintiff, the widow of the decedent, could not bring the action in her representative capacity was waived by failing to demur on that ground. 2 Dunnell, Minn. Dig. § 7322.

Plaintiff asks for a new trial, and also that the new trial be limited to the single question of the amount of damages to be awarded. Under the circumstances of this case, we think that the new trial should not be limited to that issue by this court.

Order reversed and a new trial granted.

On July 17, 1924, the following opinion was filed:

PER CURIAM.

In an application for reargument, defendant calls attention to the statement in the opinion that defendant waived the objection that the widow brought the action in her representative capacity by failing to demur, and to the fact that the complaint was not demurrable for the reason that it stated a cause of action under the Federal law. The objection was waived because not raised by demurrer or answer nor at the trial. The statement in the opinion was not as complete as it should have been.

Reargument denied.