CLEMENS EDELBROCK v. MINNEAPOLIS, ST. PAUL &
SAULT STE. MARIE RAILWAY COMPANY.[1]

January 15, 1926.

No. 24,947.

**Demurrer to amended complaint, on ground it stated new cause of action, properly overruled.**

A complaint to recover damages for the death of plaintiff's intestate alleged that death resulted from an injury caused by the negligence of defendant and that the decedent, when injured, was an employe of defendant and engaged in intrastate railroad transportation. More than two years after the death occurred plaintiff amended the complaint by eliminating the allegations that decedent was an employe of defendant. A demurrer to the amended pleading, based upon the ground that a new cause of action under § 9657, G. S. 1923, was then stated which was barred by the two year limitation contained in said section, was properly overruled.

Limitations of Actions, 37 C. J. pp. 1069 n. 91; 1073 n. 22; 1074 n. 30; 1077 n. 62.
Pleading, 31 Cyc. p. 419 n. 61, 62.

[1]Reported in 206 N. W. 945.

Action in the district court for Stearns county to recover for the death of plaintiff's intestate. Defendant appealed from an order, Roeser, J., overruling its demurrer to the amended complaint. Affirmed.

*John E. Palmer* and *James R. Bennett, Jr.*, for appellant.

*J. B. Himsl* and *R. B. Brower*, for respondent.

HOLT, J.

Plaintiff's intestate, Mrs. Edelbrock, died April 19, 1921, from burns received 15 days before in an explosion caused by the alleged negligence of defendant and its servants. This action to recover damages sustained by her husband and minor children was instituted in April the next year. The original complaint, in addition to the allegations that death was caused by defendant's negligence in furnishing the deceased with gasolene instead of kerosene for fuel, alleged that she was in the employ of defendant as a cook for a bridge crew and was engaged in interstate commerce as was defendant at the time the injury was received. The facts alleged would authorize a recovery either under G. S. 1923, § 9657, the Lord Campbell statute, or under the Federal Employers Liability Act according as the evidence would warrant.

When the case was reached for trial in July, 1922, the complaint was amended so as to indicate that plaintiff relied on the state act covering employes of railroads engaged in intrastate commerce rather than employes protected by the act of Congress. The court submitted the case to the jury on the proposition that a recovery rested wholly upon a finding that Mrs. Edelbrock was an employe of defendant when she was injured. The jury so found and returned a verdict for plaintiff. This was set aside on appeal for lack of satisfactory proof of the existence of the relation of master and servant, the court saying:

"Therefore, there must be a new trial, wherein the sole issues will concern the alleged negligence of defendant and the contributory negligence, if any, of Mrs. Edelbrock. If she were guilty of contributory negligence, it is an absolute defense, whereas the jury was

charged, and properly under the statute, that, it being assumed that there was some proof of relationship of employer and employe, Mrs. Edelbrock's negligence, if any, was not an absolute defense, but partial only and to be considered upon the comparative negligence basis." Edelbrock v. M. St. P. & S. S. M. Ry. Co. 158 Minn. 25, 196 N. W. 807.

In 1925 when the case was again reached for trial plaintiff, over objection, was again permitted to amend the complaint by eliminating all the allegations of employment by defendant of Mrs. Edelbrock. Thereupon defendant demurred to the amended complaint. The court overruled the demurrer, certifying that the question was important and doubtful, and defendant appeals.

Notwithstanding the earnest oral argument and exhaustive brief of defendant's counsel, we fail to see either how a question of legal importance or doubt can be raised by this demurrer. The demurrer is predicated upon the claim that by the amendment of the complaint in 1925 a new cause of action for wrongful death under G. S. 1923, § 9657, was for the first time stated, and hence shown to be barred by the two-year limitation therein contained. It would seem to be impossible to state a new cause of action by merely striking out allegations from a pleading. What was added by the amendment of paragraph 3 was merely of evidentiary facts relating to defendant's negligence in the furnishing of gasolene instead of kerosene; the rest of the paragraph was simply an elimination of the allegation that decedent was employed by defendant. What remained, if it stated any cause of action, was certainly there from the time the expurgated pleading was served in July, 1922. Again, the allegation in the original complaint that decedent's death was caused by the negligence of the defendant in furnishing her with gasolene instead of kerosene for fuel purposes always remained in the pleading after every amendment, and hence there is no possible chance for invoking the two-year limitation provision. Moreover, plaintiff never had but one cause of action, namely, for the wrongful death of his intestate. Negligence of defendant was the basis for it. If he could establish the relation of master and servant

between defendant and Mrs. Edelbrock, it was of advantage, but he was not necessarily defeated if he should fail in such proof. If he could establish that defendant's negligence proximately caused the death and defendant failed to prove contributory negligence of deceased, there still should be a recovery.

Apparently the former decision by this court construed the complaint as it then stood as stating facts sufficient for a recovery under the Lord Campbell statute, so called. For, being satisfied that the plaintiff had adduced all the proof possible to establish the relation of master and servant and that it was insufficient, judgment non obstante was denied, and a new trial granted, the court, in the quoted part of the opinion, expressly recognizing that the issues in the complaint, bringing the cause of action within G. S. 1923, § 9657, had not been tried. Tuder v. O. S. L. Ry. Co. 131 Minn. 317, 155 N. W. 200, clearly shows that a complaint like this, as amended in July, 1922, stated but one cause of action, even though facts were alleged which might authorize a recovery either under said § 9657 or under our state employers liability act covering intrastate railroad operations (L. 1915, p. 253, c. 187), as amended, G. S. 1923, §§ 4933-4940, and hence that it was improper to compel a plaintiff to elect at the beginning of the trial, under which section recovery was sought. Nash v. M. & St. P. Ry. Co. 141 Minn. 148, 169 N. W. 540, is also decisive against appellant upon the question presented by the demurrer. Strand v. C. G. W. Ry. Co. 147 Minn. 1, 179 N. W. 369, is to the same effect.

Herr v. C. M. & St. P. Ry. Co. 154 Minn. 182, 191 N. W. 607, is not in point, for there the pleader, recognizing that the action was barred if his client must rely on the state employers liability act, expressly renounced any claim thereunder. It was held that, as a railroad employe, his exclusive right of recovery for injuries sustained in the employment was within that act, and the limitation of § 4940 therein, applied. In Lombard v. N. P. Ry. Co. 160 Minn. 1, 199 N. W. 887, the proof brought the decedent within the state employers liability act, and therefore the limitation of the damages in

§ 9657 did not apply. Neither case involved the amendment of a complaint brought for death or injury caused by the negligence of the defendant therein.

Order affirmed.

QUINN, J. (dissenting.)

I cannot concur. The decisive question upon this appeal is whether the amended complaint, served May 25, 1925, states a cause of action. The question is one of law, to be determined from the face of the pleadings. 31 Cyc. 419. We are not concerned with the former holdings except as they bear upon the pleadings before us. The opinion holds that the complaint served July 7, 1922, stated a cause of action under the Minnesota Railway Act, chapter 187, p. 253, L. 1915. It was so held in the former decision. That complaint, so altered as to eliminate all reference to railway employment, is the pleading now to be passed upon.

It was held in the Herr case, 154 Minn. 182, 191 N. W. 607, that pleading a cause of action under the railway act, chapter 187, p. 253, L. 1915, foreclosed the right to claim that a cause of action was stated under either the common or the general law. It was there held that a complaint alleging employment in railway service excluded every other cause of action. That decision was followed in the Lombard case, 160 Minn. 1, 199 N. W. 887, and the same rule was applied to death cases by holding that the railway act and the general death statute (section 9657, G. S. 1923), were mutually exclusive, and that one had no effect upon the other; that is, that a cause of action given by one was distinct from that given by the other. The rule is well settled by these decisions that, if a pleading brings the cause of action within the railway act, *it must be confined to that act.* If that be true, the complaint of July 7, 1922, stated a cause of action under the railway act only. That pleading remained in its original condition until May 25, 1925, when it was changed to its present form.

No cause of action under the general death statute was stated prior to May 25, 1925. If the cause of action set forth in the complaint of that date is not the same cause of action as that contained

in the pleading of July 7, 1922, it does not relate back to the commencement of the suit. That pleading takes effect only from the date of its service, May 25, 1925. Dun. Dig. § 5622; Dun. Pl. §§ 482, 483; Bruns v. Schreiber, 48 Minn. 366, 51 N. W. 120; Gilbert v. Gilbert, 120 Minn. 45, 138 N. W. 943; U. P. Ry. Co. v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. ed. 983; Seaboard Air Line Ry. v. Renn, 241 U. S. 290, 36 Sup. Ct. 567, 60 L. ed. 1006; 37 C. J. 1074. It is hardly debatable that the complaint of May 25, setting forth a cause of action under the general death statute, states a different cause of action from the one set forth in the complaint of July 7, 1922, under the railway act, and also from the former complaints drawn under the Federal Employers Liability Act. 37 C. J. 1076; Westover v. Hoover, 94 Neb. 596, 143 N. W. 946, 48 L. R. A. (N. S.) 984; U. P. Ry. Co. v. Wyler, supra. The Herr and Lombard cases are directly in point.

The query is: Was the cause of action pleaded in the complaint of May 25, 1925, *contained* in the complaint of July 7, 1922? Plaintiff's contention is that the complaint of July 7 stated a cause of action under both the general death statute and under the railway act, and the opinion would seem to maintain him in that contention. We are unable to understand how this can be in the face of the holding in the Herr and Lombard cases. To so hold is to overrule both of those decisions.

The Nash case is not at variance with the foregoing. In that case, an amendment was permitted so as to state a cause of action under the Iowa State Railway Employers Liability Act where the original complaint stated a cause of action under the Federal Employers Liability Act, but the issues were expressly confined to railway employment and the two acts were identical. That decision announced the rule later followed in the Herr and Lombard cases. The Strand case adopted the same rule. The Nash case reaffirms the rule that, if the cause of action is different, there is no relation back.

Reading the complaint of May 25 as of its date, it shows upon its face that the limitation of two years from the date of the accident

(April 4, 1921), had expired. It is unimportant upon this appeal whether the ruling permitting the amendments was right or wrong because a departure in pleading may be taken advantage of by demurrer. Bausman v. Woodman, 33 Minn. 512, 24 N. W. 198; James H. Bishop & Co. v. Travis, 51 Minn. 183, 53 N. W. 461.