### DANIEL H. ATWOOD vs. WILLIAM H. LANDIS.

April 28, 1876.

**Fatal Misnomer of Defendant in Summons.**—The summons issued and served in this case described the defendant by the name of "William A. Landers," no suggestion being made that that was not his true name. *Held,* that the court acquired no jurisdiction over the person of the defendant, and a subsequent order made in the action, amending the proceedings by substituting his true name, in the absence of any appearance on his part, was void.

Plaintiff recovered judgment by default in the municipal court of the city of St. Paul. In the summons, (which was personally served on William H. Landis,) in the complaint, and in the judgment the defendant was described as "William A. Landers." After judgment entered and execution levied, the plaintiff obtained an order for William H. Landis to show cause why the summons and all subsequent proceedings should not be amended by inserting his name as defendant, the sole grounds of the application being that William H. Landis was personally served with the summons; that he was the same person against whom the plaintiff's

cause of action, as stated in his complaint, existed; that the execution had been levied on a debt owing to him; and that, until after the levy, the plaintiff supposed that his true name was that by which he was sued. William H. Landis appeared specially to oppose the application, which was, however, granted, and the judgment and other proceedings amended accordingly, from which judgment, as amended, and from the order allowing the amendment, the defendant appealed.

*Fish & Van Eman*, for appellant.

*O'Brien & Eller*, for respondent.

CORNELL, J. The similarity between the names " William H. Landis " and " William A. Landers " is not such as to constitute this a case of " *idem sonans.* " It is not claimed that defendant was ever known by any other than his true name, nor does it appear from either the complaint or summons that he was sued by the name of William A. Landers because his real name was unknown. Under these circumstances no jurisdiction was acquired over the person of the defendant by the service and return of the summons in this case, and no appearance ever having been made for him in the action, all the proceedings therein were void. The leading and principal cases upon this point are well considered and distinguished by *Allen*, J., in *Farnham* v. *Hildreth*, 32 Barb. 277, in whose conclusion, as therein stated, we fully concur. 3 Chitty Gen. Pr. 171, *et seq.*; *Cole* v. *Hindson*, 6 Term Rep. 234.

Judgment reversed.