FARMERS & MERCHANTS STATE BANK OF HAMPTON,
BY A. J. VEIGEL, v. HAMPTON FARMERS
ELEVATOR COMPANY.[1]

April 29, 1927.

No. 26,060.

**No abuse of judicial discretion in denying amendment of complaint.**
Denying an application to amend the complaint by changing the corporate name of the defendant was not an abuse of discretion.

Appeal and Error, 4 C. J. p. 799 n. 34.
Pleading, 31 Cyc. p. 368 n. 9; p. 370 n. 11.

[1]Reported in 213 N. W. 742.

Plaintiff appealed from an order of the district court for Dakota county, Johnson, J., denying its motion for an order amending the complaint. Affirmed.

*D. F. Nordstrom*, for appellant.

*Converse & Converse*, for respondent.

TAYLOR, C.

Plaintiff brought suit on certain promissory notes aggregating the sum of $13,000, in which it designated the defendant as "Hampton Farmers Elevator Company, a corporation," and garnisheed the State Bank of Hampton. An answer was interposed in the name of the defendant as named in the complaint which denied the execution of the notes and specifically denied the genuineness of the signatures to the notes. The garnishee disclosed that it had no account with the "Hampton Farmers Elevator Company," but had $5,878.10 standing to the credit of the "Hampton Farmers Co-operative Elevator Company, Inc." Thereupon plaintiff made a motion to amend the complaint by changing the name of the defendant therein to read, "Hampton Farmers Co-operative Elevator Company, Inc." The court denied this motion and plaintiff appealed.

It appears from the affidavits submitted on the motion that there were two corporations at Hampton, one having the corporate name "Hampton Farmers Co-operative Elevator Company," the other having the corporate name "Hampton Farmers Co-operative Elevator Company, Inc." It also appears that the latter has taken over the business of the former but that debts are outstanding against both. It will be noted that the only difference between these corporate names is the addition of the abbreviation "Inc." to the name of the latter; also that both contain the word "Co-operative" not found in the name of the defendant as stated in the complaint. It also appears that the summons and complaint were served on F. N. Fox, who was an officer of both corporations and upon whom service could be made in an action against either. It also appears that the notes were in fact signed in the correct corporate name of the latter corporation, but that both corporations deny having executed them.

Plaintiff complains that if compelled to begin its action anew it will lose the preference right to the fund in the bank acquired under the garnishment. While it would seem from the record that the amendment might well have been allowed, it has always been recognized that the allowance of such amendments rests very largely in the discretion of the trial court. That court is more familiar with the situation than it is possible for this court to be, and its rulings upon such questions are reversed only when required in the interests of justice. We are not convinced that the ruling in question amounted to an abuse of discretion which will justify this court in interfering. See Erskine v. McIlrath, 60 Minn. 485, 62 N. W. 1130; Atwood v. Landis, 22 Minn. 558.

Order affirmed.