## J. B. COLT COMPANY v. BERNT NEWGARD.[1]

### May 6, 1927.

### No. 25,550.

**Breach of warranty and fraud in sale proved.**
> In an action to recover the selling price of a carbide lighting plant, evidence held sufficient to sustain the allegations of breach of warranty and fraud as set forth in the answer.

Sales, 35 Cyc. p. 84 n. 13; p. 465 n. 92.

Plaintiff appealed from a judgment of the district court for Kanabec county, Stolberg, J. Affirmed.

*Rolleff Vaaler* and *Walter P. Wolfe*, for appellant.
*P. S. Olsen*, for respondent.

QUINN, J.
Plaintiff is a nonresident corporation. It is engaged in the manufacture and sale of carbide lighting plants for use in farm homes.

[1]Reported in 213 N. W. 902.

Defendant is a farmer residing upon his farm in Kanabec county, this state. On September 7, 1921, he entered into a contract with plaintiff, acting through a traveling agent, for the purchase of one of such plants at the agreed price of $377.15, f. o. b. cars at Chicago. The plant was delivered and installed by one Hawkins, sent for that purpose by plaintiff, defendant paying him for his time in so doing. Hawkins tested the plant in October and defendant executed his note, dated back to September 7, for the amount of the purchase price of the plant, payable in one year without interest.

This action was brought upon the contract and note. The answer admits the execution of the contract and note, alleges breach of warranty and fraud in the procurement of the contract and sets up a counterclaim by way of special damages. There was a verdict in favor of the defendant but no affirmative allowance on the counterclaim. From a judgment entered on the verdict, plaintiff appealed.

The only question here for consideration is whether there was sufficient evidence to warrant the submission of the issues to the jury. We answer the query in the affirmative. There is evidence in the record bearing upon the question of warranty and fraud. There was evidence that the sales agent represented that the plant was approved by all the insurance companies, that it would lower the rates of insurance, that it would provide the best and cheapest light made, that it was of good material and workmanship, that it would provide proper facilities for ironing and cooking, that it would give good satisfaction and that it was guaranteed in every way, and that there would be no odor or gas in the house therefrom. The proofs are conclusive that the plant did not work well, that after several attempts by plaintiff's agents to put the same into an operating condition, they completely failed so to do. The trial court submitted all of the issues in a most clear and painstaking manner to the jury.

Affirmed.