MINNIE C. NELSON AND ANOTHER v. GLENWOOD HILLS
HOSPITALS, INC., AND ANOTHER.
HOMEWOOD HOSPITAL, INC., SUBSTITUTED
DEFENDANT, APPELLANT.[1]

December 24, 1953.

No. 36,035.

[1]Reported in 62 N. W. (2d) 73.

*Richards, Janes, Hoke, Montgomery & Cobb* and *Elliott O. Boe,* for appellant.

*Harry H. Peterson, Thomas H. McMeekin, Thomas Dougherty, Sr.,* and *Thomas Dougherty, Jr.,* for respondents.

NELSON, JUSTICE.

These actions were commenced in the district court for Hennepin county on March 16, 1950, one by Minnie C. Nelson for personal injuries suffered by her on June 11, 1948, and the other by her husband, Edwin G. Nelson, for consequential damages arising out of her injuries. Glenwood Hills Hospitals, Incorporated, and Veronica Davidson were named as defendants. The plaintiff Minnie C. Nelson was a mental patient at Homewood Hospital, 1254 Penn avenue north, Minneapolis, Minnesota, on the date of injury, the same being operated as a neuropsychiatric institution as was also the Glenwood Hills Hospitals in Golden Valley near Twin Lakes, Minnesota.

Articles of incorporation were filed with the secretary of state in November 1934 for Homewood Hospital, Incorporated, and operations began at 1254 Penn avenue north, Minneapolis, where Homewood Hospital is presently located and operated. In 1939 Homewood Hospital, Incorporated, set up another hospital near Twin Lakes and changed the corporate name to Glenwood Hills Hospitals, Incorporated. Both hospitals were then operated by the latter corporation until January 1942. In January 1942 a new Homewood Hospital, Incorporated, was organized, which took over the management of Homewood Hospital. Since that date, therefore, there have been two corporations operating two separate hospitals: Glenwood Hills

Hospitals, Incorporated, which operated the institution at Golden Valley and Homewood Hospital, Incorporated, which operated the Homewood Hospital on Penn avenue. The two hospitals were staffed by some of the same doctors; there was an interchange of patients; and to some extent the public was led to believe that they had a working arrangement for operating together. For example, in 1948 and 1951 Homewood Hospital advertised in the telephone directories of the city of Minneapolis as follows:

> "Homewood Hospital
> Operated in connection
> with
> Glenwood Hills Hospital
> 1254 Penn Ave. N. — Aldrich 4701"

Both hospitals carry liability insurance with the same insurance carrier, and both retain the same accountant-attorney.

Both corporations were operated by a board of trustees. One Raymond T. Rascop was secretary of the board of Glenwood Hills Hospitals, Incorporated, and also president of the board of Homewood Hospital, Incorporated, and Veronica Davidson was secretary of the board of Homewood Hospital, Incorporated.

In the actions commenced March 16, 1950, Glenwood Hills Hospitals, Incorporated, and Veronica Davidson were named defendants, and service of the summons and complaint in each action was made on Raymond T. Rascop and on Veronica Davidson, then serving as secretary of Homewood Hospital, Incorporated, and general administrator of the hospital operations.

Plaintiffs' attorney, who prepared the summons and complaint and directed that service be made on defendants, named the Glenwood Hills Hospitals, Incorporated, on the basis of information which he claims to have received from the secretary of state's office, corporation department, to the effect that Homewood Hospital, Incorporated, ceased to exist as a corporate entity September 14, 1939; that it had been merged with and became the property of Glenwood Hills Hospitals, Incorporated; and that there were no other records pertaining to Homewood Hospital, Incorporated. He

learned of nothing to the contrary until the cases came up for trial in Hennepin county district court on the 10th and 11th of January, 1952, and the testimony taken disclosed otherwise.

Approximately two years elapsed between the time of commencement of suit and the day of trial. These actions being for malpractice, it was evident that the two-year statute of limitations had run when the cases were called for trial.

Plaintiffs' complaints set forth a claim to the effect that defendant Glenwood Hills Hospitals, Incorporated, owned and operated Homewood Hospital; that said defendant and the hospital administrator, Veronica Davidson, were negligent in caring for Minnie C. Nelson while a patient; that as a consequence she sustained severe injuries; and that Glenwood Hills Hospitals, Incorporated, and Veronica Davidson were liable by reason of such negligence.

Paragraph II of complaint reads:

"That at all times herein mentioned, the defendant, Glenwood Hills Hospitals, Incorporated, was engaged in the business of furnishing for hire special hospital services in the City of Minneapolis, and did during all of said times own and operate, among other institutions, in the said City, the Homewood Hospital, which hospital is for the treatment, care and protection, among other things, of mentally sick persons, suffering from mental disorders and conditions, who desire and need such service and protection, for hire; that said hospital is held out to the public as a neuropsychiatric institution."

The answers of Glenwood Hills Hospitals, Incorporated, and Veronica Davidson admit the corporate entity; admit that Veronica Davidson was the administrator of Homewood Hospital, Incorporated; and that:

"on or about June 11, 1948, the defendant corporation was engaged in the business of furnishing for hire special hospital services in the City of Minneapolis; that plaintiff, while hospitalized in the Homewood Hospital in said City, as a patient and in the care and under the orders and direction of her attending physician, jumped or fell from one of the windows in said hospital; that as a result thereof

plaintiff suffered certain injuries to her left elbow and other parts of her body; and that defendants have not knowledge or information sufficient to form a belief as to the nature and extent of said injuries."

Except as stated and admitted, the answer was a general denial; and there was no express or specific denial that Glenwood Hills Hospitals, Incorporated, owned and operated Homewood Hospital at 1254 Penn avenue north or any express allegation that Homewood Hospital, Incorporated, was a separate and distinct corporation.

These matters came on for trial, and, after certain testimony had been taken before the jury, and in its absence, plaintiffs moved to substitute as defendant Homewood Hospital, Incorporated, in lieu of Glenwood Hills Hospitals, Incorporated, named as one of the defendants. This was denied by the court. Defendant Glenwood Hills Hospitals, Incorporated, then moved for a dismissal as to it, and that motion was granted.

The plaintiffs then dismissed as to Veronica Davidson, the other defendant, without prejudice and moved to vacate and set aside the order of the court dismissing as to defendant Glenwood Hills Hospitals, Incorporated, for the purpose of permitting the introduction of additional evidence to explain the circumstances which caused plaintiffs to name Glenwood Hills Hospitals, Incorporated, as owner of Homewood Hospital and defendant in the actions. They also moved the court for an order directing that Homewood Hospital, Incorporated, be substituted as defendant for Glenwood Hills Hospitals, Incorporated, and that it appear and answer plaintiffs' complaints and for an order setting the cases for immediate trial. On April 4, 1952, plaintiffs filed a dismissal of the motions without prejudice.

This was followed by plaintiffs' motion in each case to vacate the order of the court dismissing the actions and to reinstate them on the calendar and for leave to amend the complaints. The court granted plaintiffs' motions for reinstatement and amendment of complaints, which orders were dated and filed May 27, 1952. Home-

wood Hospital, Incorporated, as defendant was given 20 days in which to answer. Homewood Hospital, Incorporated, then moved to vacate the court's orders of May 27, 1952, on the grounds (1) that the court was without jurisdiction over the defendant Homewood Hospital, Incorporated; (2) that the facts stated in the complaint do not constitute a cause of action against this defendant; and (3) that it appears from the complaints that upon the date of the court's orders of May 27, 1952, plaintiffs' alleged causes of action against the new and substituted defendant were barred by the statute of limitations. The court denied the motion in each case, and Homewood Hospital, Incorporated, as the substituted defendant, appeals from these orders.

■ Are the orders denying these motions appealable, predicated as the motions were on the claims of the substituted defendant that the court lacked jurisdiction and that on May 27, 1952, plaintiffs' causes of action were then barred by the statute of limitations? Respondent makes no claim that these are not appealable orders.

M. S. A. 605.09 (3) provides that an appeal may be taken by the party aggrieved from "an order involving the merits of the action or some part thereof." An order striking out a pleading or a portion thereof has been held an appealable order by this court. Long v. Mutual Trust L. Ins. Co. 191 Minn. 163, 253 N. W. 762; Johnson v. Kruse, 205 Minn. 237, 285 N. W. 715; Starbuck v. Dunklee, 10 Minn. 136 (168), 88 Am. D. 68. The test is whether the order in effect finally determines the action or finally determines some positive legal right of the appellant relating thereto. Seeling v. Deposit Bank & Trust Co. 176 Minn. 11, 222 N. W. 295; Rodgers v. Steiner, 206 Minn. 637, 289 N. W. 580; Edelstein v. Levine, 179 Minn. 136, 228 N. W. 558. The orders in question involve the merits of the action or some part thereof and are appealable. A district court has jurisdiction to make an order, upon proper notice, vacating an order of dismissal and reinstating the case; such an order is appealable. Rishmiller v. Denver & R. G. R. Co. 134 Minn. 261, 159 N. W. 272.

■ The appellant Homewood Hospital, Incorporated, having been substituted, contends that no service of summons has ever been made upon it; that no service was made upon it when plaintiffs served Mr. Rascop, an officer of the defendant Glenwood Hills Hospitals, Incorporated; and that the plaintiffs in their motions failed to request that the summons be amended by substituting Homewood Hospital, Incorporated, in lieu of Glenwood Hills Hospitals, Incorporated, and to ask leave therein to serve upon the substituted defendant.

M. S. A. 543.02 provides for the requisites of a summons. That portion which is important here reads as follows:

"The summons shall be subscribed by the plaintiff or his attorney, be directed to the defendant, and require him to serve his answer to the complaint on the subscriber, by copy, at a specified place within the state where there is a post-office, within 20 days after the service on him of such summons, * * *."

Summons is not process. This principle was first enunciated by this court in Hanna v. Russell, 12 Minn. 43 at p. 45 (80 at p. 85), where the court stated:

"* * * It is merely a notice given by the plaintiff's attorney to the defendant that proceedings have been instituted and judgment will be taken against him if he fails to defend. * * * The fact that the court acquires jurisdiction by its service does not prove it *process*, for it is competent for the legislature to provide that the court shall acquire jurisdiction by the service of the complaint without a summons, or in any other manner by which the defendant may be notified that proceedings have been instituted against him."

See, Lowry v. Harris, 12 Minn. 166 (255). This court has repeatedly followed this liberal interpretation to avoid defeating an action merely because of technical and formal defects which could not reasonably have misled or prejudiced a defendant. Schultz v. Oldenburg, 202 Minn. 237, 277 N. W. 918; Peterson v. W. Davis & Sons, 216 Minn. 60, 11 N. W. (2d) 800; Tharp v. Tharp, 228 Minn. 23, 36 N. W. (2d) 1; First Nat. Bank v. Estenson, 68 Minn. 28, 70 N. W.

775; Morrison County Lbr. Co. v. Duclos, 131 Minn. 173, 154 N. W. 952; Flanery v. Kusha, 143 Minn. 308, 173 N. W. 652, 6 A. L. R. 838; Griffin v. Faribault F. & A. Assn. 203 Minn. 97, 280 N. W. 7; Lockway v. Modern Woodmen, 116 Minn. 115, 133 N. W. 398, Ann. Cas. 1913A, 555; Francis v. Knerr, 149 Minn. 122, 182 N. W. 988; 5 Dunnell, Dig. & Supp. § 7802. Of course, where particular statutes use the phrase "service of process" it has been deemed necessary to hold that a summons constitutes process under those statutes. Farmers Imp. Co. v. Sandberg, 132 Minn. 389, 157 N. W. 642; Schilling v. Odlebak, 177 Minn. 90, 224 N. W. 694; Dahl v. Collette, 202 Minn. 544, 279 N. W. 561; Griffin v. Faribault F. & A. Assn. 203 Minn. 97, 280 N. W. 7. But these cases do not detract from the general principle that summons is not process.

Under the rules of civil procedure, as under the prior law, a summons is not a process and constitutes merely a notice to defendant that an action has been commenced and, if no defense is offered or made, a default judgment will be taken against him who is in default. Rules 3.02 and 4.01 of the Rules of Civil Procedure.

At the time of the commencement of the instant actions, a complaint was served with the summons. It was left with Rascop, who was at that time president of the board of Homewood Hospital, Incorporated, and with Veronica Davidson, who was its secretary. The complaints stated a claim upon which relief could be granted against Homewood Hospital, Incorporated. The claims of the plaintiffs were set forth clearly to the effect that Glenwood Hills Hospitals, Incorporated, owned and operated Homewood Hospital; that Homewood Hospital and its managing agent, Veronica Davidson, were negligent in caring for Minnie C. Nelson as a patient; that as a consequence she suffered and sustained severe injuries; and that Glenwood Hills Hospitals, Incorporated, and Veronica Davidson were liable by reason of such negligence. It can hardly be assumed that the officers of Homewood Hospital, Incorporated, Rascop and Davidson, were in the dark as to the true facts involved or that they were in any way misled to their prejudice, when we consider the fact that Rascop was also an officer of Glenwood Hills Hospitals, Incor-

porated, and that the two corporations had the same accountant-attorney and liability insurer, shared a working business and operational association, and, to some extent at least, had the same interest in avoiding liability on the claims as set forth in the complaints. If service of summons and complaint results in an intended defendant being fully informed as to the circumstances of the action, the court has acquired sufficient jurisdiction over that defendant, even though an amendment is necessary to correct a misnomer.

Viewing the record as a whole it seems almost an inescapable conclusion that plaintiffs intended to sue the owner and operator of Homewood Hospital and Veronica Davidson. It seems quite obvious from the facts that the error in naming Glenwood Hills Hospitals, Incorporated, instead of Homewood Hospital, Incorporated, was due only to misinformation received prior to and at the time the pleadings were prepared and served. From the facts as we view them, we have here, not a case of mistaken identity, but a misnomer of a party defendant. See, 2 Moore, Federal Practice (2 ed.) par. 4.44.

Consideration may be given to certain elementary rules of law which have developed under modern rules of civil procedure, namely: A summons is a mere notice of claim against a party served therewith and an amendment should be granted freely when justice so requires. Rule 3.02 provides that "A copy of the complaint shall be served with the summons, except when the service is by publication as provided in Rule 4.04."

Rule 8.02 supersedes the statutory provisions for pleading defenses. In part it provides that "A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. * * * Denials shall fairly meet the substance of the averments denied."

Rule 15.01 relates to amendments of pleadings, and Rule 15.03 provides as follows:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Under this rule an amendment to a complaint or petition setting up no new cause of action will relate back to the commencement of the action, and where plaintiff's amendment merely restates his original cause of action, a plea of limitations cannot be interposed thereto. Gilbert v. Gilbert, 120 Minn. 45, 138 N. W. 943; McCormick v. Robinson, 139 Minn. 483, 167 N. W. 271; Edelbrock v. M. St. P. & S. S. M. Ry. Co. 166 Minn. 1, 206 N. W. 945; Nash v. M. & St. L. R. Co. 141 Minn. 148, 169 N. W. 540; Hovland v. Farmers' State Bank (8 Cir.) 10 F. (2d) 478.

One purpose of the new rules is to assure that amendments shall be given freely when justice so requires. Accordingly, where there is a misnomer as to the corporation to be named as defendant and where the officer of the named defendant on whom a summons and complaint is served is also the officer of the intended defendant corporation who would ordinarily be served, it has been held that the intended corporation-defendant has received actual notice of the claim which service of the summons and complaint intended to impart and that the misnomer can and should be corrected by an amendment naming the one intended to be sued as defendant in place of the one actually named as such, subject to such necessary safeguards as will enable the corporation so substituted as defendant to prepare and assert its defense to the claim.[2]

In the instant cases, if the actions had been commenced as of the date of the amendment, the claims would have been barred by the statute of limitations. Therefore, we must face the question whether

---

[2]Godfrey v. Eastern Gas & Fuel Associates (D. Mass.) 71 F. Supp. 175; United States v. A. H. Fischer Lbr. Co. (4 Cir.) 162 F. (2d) 872; Hernan v. American Bridge Co. (6 Cir.) 167 F. 930; Williams v. Pennsylvania R. Co. (D. Del.) 91 F. Supp. 652; Bowles v. Marx Hide & Tallow Co. (W. D. Ky.) 4 F. R. D. 297; Porter v. Theo J. Ely Mfg. Co. (W. D. Pa.) 5 F. R. D. 317; Clevenger v. Grover, 212 N. C. 13, 193 S. E. 12, 124 A. L. R. 82; Goldblatt Bros. Inc. v. Parish, 110 Ind. App. 368, 33 N. E. (2d) 835, 38 N. E. (2d) 255; Job v. Grand Trunk Western Ry. Co. 245 Mich. 353, 222 N. W. 723; Daly v. Blair, 183 Mich. 351, 150 N. W. 134; Hartley v. Jerry's Radio & Elec. Shop, 74 S. D. 87, 48 N. W. (2d) 925; 2 Moore, Federal Practice (2 ed.) par. 4.44.

the lower court had the power in its discretion to permit an amendment of the summons and complaint by substituting the name of the appellant Homewood Hospital, Incorporated, in the face of appellants' claim that by such an amendment the court had deprived said hospital of the otherwise meritorious defense of the statute of limitations.

Numerous authorities sustain respondents' contention that, where the facts point clearly to a misnomer, an amendment is proper dating back to the original complaint and the commencement of the action if thereby a new cause of action does not supplant the original one.

Mr. Justice Holmes used the following language in New York Cent. & H. R. R. Co. v. Kinney, 260 U. S. 340, 346, 43 S. Ct. 122, 123, 67 L. ed. 294, 296:

"* * * but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied."

There is ample authority in the courts of other jurisdictions where related or similar facts have been encountered for allowing the amendment after the statute of limitations has run.[3]

It seems apparent to us that both Glenwood Hills Hospitals, Incorporated, and Homewood Hospital, Incorporated, and their proper officers had notice of plaintiffs' claims from the time suits were commenced and that plaintiffs were trying to sue the owner and operator of Homewood Hospital at 1254 Penn avenue north, Minneapolis, but that in either case they had misnamed the owner and operating defendant. It further appears that no effort was forthcoming at any time on the part of either hospital corporation or its officers and managing agents to correct the misnomer of which

---

[3]Godfrey v. Eastern Gas & Fuel Associates, *supra;* United States v. A. H. Fischer Lbr. Co. *supra;* Hernan v. American Bridge Co. *supra;* Williams v. Pennsylvania R. Co. *supra;* Bowles v. Marx Hide & Tallow Co. *supra;* Job v. Grand Trunk Western Ry. Co. *supra.*

they must have been fully aware. There is little force to a claim of being misled or prejudiced under the circumstances.

It was said by this court in Gustafson v. Johnson, 235 Minn. 358, 362, 51 N. W. (2d) 108, 111:

"A mistake in the name of a party which is amendable in the lower court will be disregarded by this court as not affecting the substantial rights of the parties where it appears that no one was misled or prejudiced by the defect."

In Farmers & Merchants State Bank v. Hampton Farmers Elev. Co. 171 Minn. 209, 213 N. W. 742, this court held that it was not an abuse of discretion to deny plaintiffs' motion to amend the name of the defendant from Hampton Farmers Elevator Company to Hampton Farmers Co-operative Elevators Company, Inc. This court, however, recognized the power of the court below to grant the motion had it seen fit to do so in its discretion and said (171 Minn. 211, 213 N. W. 742):

"* * * While it would seem from the record that the amendment might well have been allowed, it has always been recognized that the allowance of such amendments rests very largely in the discretion of the trial court."

Primarily such procedural requirements present questions of fact for the trial court, as they did here, and the trial court must determine what justice requires in the particular situation. Bourget v. New England T. & T. Co. 97 N. H. 193, 84 A. (2d) 830.

We have carefully examined the other contentions of the appellant. In view of our conclusions heretofore reached, further discussion is unnecessary. We therefore conclude that the orders of the trial court below were within the court's discretion to grant and accordingly should be affirmed.

Affirmed.