**Ronald FORE, Appellant,**

v.

**CROP HAIL MANAGEMENT,
Respondent.**

**No. 47483.**

Supreme Court of Minnesota.

July 14, 1978.

McEwen & Novacek, Thief River Falls, for appellant.

Curtis L. Charlson, Thief River Falls, for respondent.

Heard before ROGOSHESKE, KELLY, and WAHL, JJ., and considered and decided by the court en banc.

PER CURIAM.

This is an appeal from a judgment entered pursuant to an order of the district court denying appellant's motion to amend his complaint pursuant to Rule 15, Rules of Civil Procedure, and granting respondent's motion for summary judgment. We reverse.

Appellant, Ronald Fore, a grower of wild rice, purchased a hail insurance policy from the Production Credit Association on June 18, 1975, and sent his premium check to respondent, Crop Hail Management. Appellant was given a policy, which he lost.[1] On June 28, 1975, appellant's rice crop allegedly was damaged by hail. He wrote to respondent on September 23, 1975, to notify it of his claim. Respondent replied 3 weeks later, denying the claim. This action was commenced on November 21, 1975.

After receiving an extension of time to answer, respondent answered the complaint on December 29, 1975, admitting "that the plaintiff entered into a contract of insurance with the [respondent] as general agent." Respondent, however, denied the hail damage, denied that appellant had complied with the terms of the policy, and generally denied all other allegations in the complaint. Interrogatories were submitted with the answer, to which appellant responded on March 17, 1976. This case was noted for trial on August 6, 1976.

---

1. A copy of the policy supplied to the trial court indicates that it was issued by "Mutual Service Casualty Insurance Company, 1919 University Ave., St. Paul, MN. 55104 (A Mutual Company, Hereinafter called This Company)."

This policy contains a prominent instruction, however, that policyholders should "Direct All Correspondence and Notices of Loss to Crop Hail Management, P. O. Box 2645, Great Falls, Montana 59403."

In September 1976, respondent advised appellant that it was not the appropriate defendant and that appellant's cause of action was actually against Mutual Service Casualty Insurance Company (Mutual Service). Appellant contacted Mutual Service and was told that respondent is completely responsible for handling Mutual Service's hail coverage; that respondent draws up the policies, collects the premiums, pays the claims, and several times a year submits statements to Mutual Service.

Unfortunately for appellant, the 1-year statute of limitations for hail insurance suits had run on June 18, 1976. Minn.St. 65A.26. Accordingly, appellant sought to amend his complaint to name as a defendant "Mutual Service Casualty Insurance Company through its Managing Agent Crop Hail Management," hoping to take advantage of the provisions of Rule 15.03, permitting the relation back of amendments. The trial court denied this motion and granted respondent's motion for summary judgment.

Rule 15.01, is intended to be liberally construed so that cases are decided on their merits.[2] *Roberge v. Cambridge Cooperative Creamery Co.,* 243 Minn. 230, 67 N.W.2d 400 (1954). This is in keeping with the general rule that amendments are to be allowed unless a party would be prejudiced as a result. *Hughes v. Micka,* 269 Minn. 268, 130 N.W.2d 505 (1964); *Hafner v. Hafner,* 237 Minn. 424, 54 N.W.2d 854 (1952).

With respect to the relation back of amendments, Rule 15.03 provides three more specific requirements which are applicable to the present case: The claim asserted in the amended pleading must arise out of the same "conduct, transaction, or occurrence" which is the basis of the original pleading; the party to be brought in must have "received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits"; and such a party must either have known, or have been in a position where he should have known, that "but for a mistake concerning the identity of the proper party, the action would have been brought against him."

Here there is no question that the first requirement is satisfied. As for the second and third, considerations discussed in *Nelson v. Glenwood Hills Hospitals, Inc.,* 240 Minn. 505, 62 N.W.2d 73 (1953), shed light on the question of notice. In that case, the plaintiff, partially misled by an advertisement which read "Homewood Hospital— Operated in connection with Glenwood Hills Hospital," sued the wrong hospital. This mistake was held to be a misnomer, properly corrected by amendment. There, the court pointed to the facts that the two hospitals "shared a working business and operational association, and, to some extent at least, had the same interest in avoiding liability * * *," as indicating that the intended defendant could not have been prejudiced by lack of notice. 240 Minn. 513, 62 N.W.2d 78.

Mutual Service, in the present case, encouraged appellant to "Direct All Correspondence to Crop Hail Management." Subsequently, appellant was informed by Mutual Service that respondent had full responsibility for handling the sort of claim he presented. Under these circumstances, and especially considering the fact that respondent sought and received an extension of its time to answer, we do not believe that justice would be served by allowing Mutual Service to use the rules of pleading to shield itself from a confrontation with the merits of appellant's claim. Mutual Service and respondent had both the working associa-

---

**2.** Rule 15.01 provides as follows: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders."

tion and the common interest in avoiding liability discussed in *Nelson v. Glenwood Hills Hospitals, Inc. supra.* Given these facts, it is fair to say that they should have known that but for a mistake created in part by the language of their policy, the action would have been brought initially against Mutual Service. Accordingly, we hold that the amendment should have been allowed.

Reversed.

OTIS, J., took no part in the consideration or decision of this case.