Lois M. CHAN, Appellant,

v.

Joseph F. KATZENMEYER,
Respondent.

No. C9–86–494.

Court of Appeals of Minnesota.

Aug. 12, 1986.

Robert M. Hegg, Alexandria, for appellant.

David L. Stowman, Detroit Lakes, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and LESLIE and NIERENGARTEN, JJ.

CRIPPEN, Judge.

In this personal injury action arising out of an automobile accident between appellant Lois Chan and respondent Joseph Katzenmeyer, now deceased, process named Katzenmeyer as defendant but was served on the personal representative of his estate. The trial court found that the pleadings could not be altered later to name the personal representative as defendant. The statute of limitations bars recommencing the action, and Lois Chan appeals from the judgment dismissing the case. We reverse.

## FACTS

On July 3, 1985, appellant contacted an attorney about bringing a personal injury suit against Joseph Katzenmeyer for injuries she suffered in an automobile accident with respondent on July 5, 1979.

On July 5, 1985, the attorney delivered a summons and complaint naming Katzenmeyer as defendant to the sheriff of McLeod County, Katzenmeyer's last known place of residence. This delivery occurred on the last day before expiration of the six-year statute of limitations on appellant's cause of action against respondent.

Afterwards, the attorney learned that respondent died in October 1979. The attorney therefore caused the appointment of a special administrator to· receive service of process, and actual service of the summons and complaint was made on the special administrator on July 23. During the course of service, the documents named respondent as the only defendant.

Appellant moved to' amend the pleadings to substitute the special administrator's name for respondent's name as defendant. The trial court denied the motion, concluding that the summons and complaint could not be changed retroactively. The trial court dismissed the claim with prejudice, and entered judgment accordingly. Chan appeals.

### ISSUE

Did the trial court err in denying amendment of the pleadings to conform to the identity of the defendant who was actually served?

### ANALYSIS

■ Appellant's attorney used two different approaches in his effort to accomplish valid and effective service of the summons and complaint. First, he attempted to invoke a statute that in certain circumstances deems the Commissioner of Public Safety as the party upon whom may be served all legal process in actions arising out of the use of motor vehicles in Minnesota. *See* Minn.Stat. § 170.55, subd. 1 (1984). Service on the Commissioner was ineffective to commence the action. The statute deems the Commissioner as the party to receive legal process only for nonresidents and for residents who are continuously absent from the state for six months or more following an accident. *See id.* Respondent, a resident of Minnesota who died three months after the accident, fits neither of these categories.

■ Second, appellant's attorney delivered the summons and complaint to the sheriff of respondent's last known county of residence and subsequently completed

service on the newly appointed special administrator. The delivery to the sheriff was accomplished before the statute of limitations expired and service on the special administrator was completed within 60 days of the delivery. Appellant argues that in this way she complied with Rule 3.01(c) of the Minnesota Rules of Civil Procedure, which provides:

A civil action is commenced against each defendant:

\* \* \* \* \* \*

(c) when the summons is delivered to the sheriff in the county where the defendant resides for service; but such delivery shall be ineffectual unless within 60 days thereafter the summons be actually served on him or the first publication thereof be made.

Minn.R.Civ.P. 3.01(c).

The trial court, finding that service was fatally defective due to appellant's failure to name the special administrator as defendant at the time the papers were delivered to the sheriff, refused to permit amendment of the pleadings to correct the misnomer.

While acknowledging that Rule 15.01 of the rules of civil procedure normally contemplates liberal amendment of pleadings, the court found that the general rule only applies when the amendment works no substantial prejudice on a party opposing the amendment. *See Brendsel v. Wright,* 301 Minn. 175, 178, 221 N.W.2d 695, 696–97 (1974). The court concluded that Rule 15.01, read in conjunction with Rule 25.01(1), which allows substitution of the proper party when a party to a lawsuit dies, may not be used to retroactively amend pleadings when the only service of process carried out prior to the expiration of the applicable statute of limitations involved pleadings in which only the dead person was named as a party defendant.

· The trial court concluded that its decision was controlled by *Wood v. Martin,* 328 N.W.2d 723 (Minn.1983). That case, however, involved the validity of a service of process made under Minn.Stat. § 170.55,

"when, at the time service was made on the commissioner of public safety, the named defendant nonresident motorist was deceased." *Id.* at 723. While instructive, *Wood* is not determinative here.

In *Wood,* the supreme court concluded that "service upon a dead person is a nullity." 328 N.W.2d at 724. The facts there, however, involved substitute service, not actual service, and the substitute service was directed from beginning to end toward the deceased defendant.

Here process was actually served on the personal representative. This occurred within 60 days after the first delivery of process to a sheriff, such that under Rule 3.01 service related back to the date of delivery. We are satisfied that this was not service on the dead man and that plaintiff was entitled to have the pleadings modified to identify the defendant in conformity with completed service.

The supreme court's analysis in *Wood* demonstrates the importance of the facts here regarding actual service on the personal representative. In *Wood,* the court observed:

> Two obstacles to the validity of the service present themselves: (1) the pleadings, as well as the mailed notice of service, name as the defendant a deceased person, Calvin George Martin, and not the personal representative; and (2) plaintiff mailed notice of service to Calvin George Martin *at his last known address rather than to the personal representative at his or her address.*
>
> \*   \*   \*   \*   \*   \*
>
> Service of process under section 170.55 is not complete when the commissioner of public safety is served. The proviso that plaintiff—not the commissioner, but the plaintiff—must within 10 days thereafter mail notice of the service, a copy of the process, and an affidavit of compliance with the statute to the defendant *is essential to jurisdiction.*

*Id.* at 725–26 (emphasis added). As we have observed, the jurisdictional act of service in the immediate case was effected upon the personal representative of the Katzenmeyer estate.

*Wood* does not deal with Rule 3.01. Thus, the decision is silent as to whether identification of a defendant at the time process is delivered determines the identification for service. The scheme of service under the rule may span a period of 60 days. The event of the delivery is important because it establishes the technical date of service. Service is ultimately accomplished, however, by a later event of actual service, and we believe it to be illogical to disregard the identity of the defendant who is actually served.

The court in *Wood* also stated that

> [p]erhaps it can be argued (although we do not so decide) that failure to have the correct person named as defendant in the pleadings is a misnomer, correctable by amendment of the pleadings.

*Id.* at 725. As its parenthetical indicates, however, the court did not decide the question because it was confronted with a singular effort to serve a dead man. Here, where actual service was made of the personal representative of the Katzenmeyer estate, the argument postulated by the court in *Wood* is compelling.

In addition, we note that no attempt was made in *Wood* to amend the pleadings to name the personal representative of Martin's estate as the defendant; here, the trial court's refusal to allow such an amendment is the precise issue we are considering. Also, the decision in *Wood* was grounded in plaintiff's failure to make good service during a three month portion of the limitation period still ahead at the time it was learned the defendant had died; here, however, plaintiff's attorney took every measure possible to comply with the requirements of Rule 3.01.

Correction of the misnomer in appellant's pleadings is appropriate under Rule 15 of the Minnesota Rules of Civil Procedure. Rule 15 provides:

> [A] party may amend his pleading only by leave of court or by written consent

of the adverse party; and leave shall be freely given when justice so requires.

\*      \*      \*      \*      \*      \*

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Minn.R.Civ.P. 15.01; 15.03. In discussing these rules, the supreme court held:

If service of summons and complaint results in an intended defendant being fully informed as to the circumstances of the action, the court has acquired sufficient jurisdiction over that defendant, even though an amendment is necessary to correct a misnomer.

\*      \*      \*      \*      \*      \*

Under this rule an amendment to a complaint or petition setting up no new cause of action will relate back to the commencement of the action, and where plaintiff's amendment merely restates his original cause of action, a plea of limitations cannot be interposed thereto.

*Nelson v. Glenwood Hills Hospitals,* 240 Minn. 505, 513–14, 62 N.W.2d 73, 78–79 (1953) (citations omitted).

In *Nelson,* plaintiffs intended to sue the owner and operator of Homewood Hospital but, due to misinformation received prior to and at the time the pleadings were prepared and served, named Glenwood Hills Hospitals as the defendant. Plaintiffs did not discover the error until the case came up for trial, and in the meantime the statute of limitations had expired against Homewood Hospital. The trial court granted plaintiffs' motion to amend the complaint to name Homewood Hospital as the defendant, and Homewood appealed, claiming that no service of summons had been made upon it within the time allowed by the statute of limitations.

The supreme court upheld the amendment, saying:

Consideration may be given to certain elementary rules of law which have developed under modern rules of civil procedure, namely: A summons is a mere notice of claim against a party served therewith and an amendment should be granted freely when justice so requires.

*Nelson,* 240 Minn. at 513, 62 N.W.2d at 78. The court noted that

Mr. Justice Holmes used the following language in *New York Cent. & H.R.R. Co. v. Kinney,* 260 U.S. 340, 346, 43 S.Ct. 122, 123, 67 L.Ed. 294, 296:

"\* \* \* but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied."

*Id.* at 515, 62 N.W.2d at 79.

The principles articulated by Justice Holmes and applied in *Nelson* are equally applicable to the present case. The special administrator was fully informed as to the circumstances of the action. So long as he was lawfully served, as we believe was the case, the personal representative had notice "from the beginning" that appellant was trying to enforce a claim against the estate. The requirements of Rule 15.03 have been met.

Finally, as appellant's attorney attempted to fully comply with the requirements of Rule 3.01, we note that his failure to name the special administrator as defendant in the papers served upon the special administrator may have stemmed from his belief that those papers must be identical to those delivered to the sheriff just before the stat-

ute of limitations expired. This is further evidence of the attorney's good faith attempt to comply with the requirements of service of process while preserving his client's claim. In addition, although the trial court found that appellant knew or had reason to believe that respondent had died, counsel in argument has acknowledged that there was nothing in the record to justify belief that appellant knew of his death.

## DECISION

The trial court's dismissal of appellant's claim is reversed. The pleadings will be amended to name the special administrator of respondent's estate as defendant and the amendment will relate back to the date of the original pleadings.

Reversed.