Hartley NORDIN, et al., Respondent,

v.

L.S. DONALDSON COMPANY, et al.,
Defendants and Third Party
Plaintiffs,

v.

The CITY OF MINNEAPOLIS,
Third–Party Defendant,

Oxford Properties, U.S., Ltd., et
al., Appellants.

No. C8–89–47.

Court of Appeals of Minnesota.

June 6, 1989.

Review Denied July 27, 1989.

Mark W. Biglow, Minneapolis, for Hartley Nordin, et al.

Winthrop A. Rockwell, John P. Mandler, Faegre & Benson, Minneapolis, for Oxford Properties, U.S., Ltd., et al.

Heard, considered and decided by HUSPENI, P.J., and NIERENGARTEN and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellants challenge the trial court's summary judgment in favor of landowners on a claim for lost rent. Appellants contend among other things that respondents' claims in their amended complaint do not relate back to the original complaint, and that rent should be abated by an amount attributable to a condemned portion of the property. Respondents seek review of the trial court's grant of summary judgment in favor of appellants on a claim for holding over. We affirm.

## FACTS

This case arises from the condemnation of the property under the old Donaldsons Department Store and the store's relocation to the new City Center in Minneapolis. Respondents Hartley Nordin and Robert Biglow owned a one-quarter interest in the land beneath the old Donaldsons store (Lot 8) and the old Northwestern National Bank Building (one half of Lot 7). Donaldsons was the tenant of Nordin and Biglow under the terms of a contract known as the Linton Lease that had a term of 95 years and 9 months ending on July 1, 1987. The lease was amended in 1929 and then included a provision calling for payment of rent without any deduction or abatement. Donaldsons subleased its interest in Lot 7 to the tenants of the Northwestern National Bank Building. Under the Linton Lease, Nordin and Biglow were entitled to receive rent in the amount of $1500 per quarter. There is no dispute that Nordin and Biglow have not received rent from Donaldsons for the period from July 1, 1979, when rent payments were discontinued for Donaldsons' portion of the property, to April 1, 1983, when the occupancy of the last tenant ended.

In 1975, Donaldsons entered negotiations with Oxford Development Company to relocate the Minneapolis store to the City Center project. The negotiations led to an agreement between the City of Minneapolis, Oxford Properties and Donaldsons that under threat of condemnation Donaldsons would sell its interest as tenant to the city, and that Oxford would pay the city the same amount, obtain title to the land and sign Donaldsons to a new lease. Oxford additionally agreed to indemnify Donaldsons for all claims of the lessors of any leasehold interest in the Donaldsons property.

On October 19, 1976, Nordin and Biglow brought an action against Donaldsons claiming, among other things, that Donaldsons sought to deprive them of their interest in the property, that Donaldsons had breached its lease by conspiring with both Oxford Properties and the city to terminate their interest, and that Donaldsons had evi-

denced an intent to cease being a tenant in their property and to cease paying rent. After the trial court denied a motion to dismiss the complaint, Donaldsons filed a third party complaint against the City of Minneapolis and Oxford Properties.

In separate proceedings during litigation in this case, the City of Minneapolis initiated condemnation proceedings against the Donaldsons property (Lot 8). A trial court approved the petitions for condemnation, and the supreme court upheld the trial court's order. *City of Minneapolis v. Wurtele,* 291 N.W.2d 386 (Minn.1980). On June 8, 1979, title to Lot 8 passed to the city under the statutory quick-take provisions. *See* Minn.Stat. § 117.042 (1988).

Commissioners were appointed who later ascertained and reported on the amount of damages resulting from the condemnation. Prior to the trial court hearing, the city and Nordin and Biglow settled all claims they may have had for damages against the city arising from the transfer of title and the taking of Lot 8.[1]

In light of a 1980 supreme court decision on condemnation law, the trial court granted motions by Oxford Properties and the city for summary judgment on the complaint of Nordin and Biglow. On July 3, 1980, however, the trial court denied Donaldsons' motion for summary judgment, finding the original complaint stated causes of action which were unrelated to the condemnation proceedings.

This case remained inactive until respondents filed a note of issue on June 27, 1986. The trial court denied a motion by Donaldsons to dismiss the complaint for failure to prosecute and granted it leave to amend its third party complaint to assert an indemnification claim against Oxford Properties and MCC Development Company based on separate indemnification agreements. The trial court also granted a motion by Nordin and Biglow to serve and file an amended complaint.

The amended complaint alleged four counts, two of which are relevant to this appeal. Count I stated a claim for unpaid rent totaling $22,500 (15 quarters at $1500/quarter) plus interest at 7 percent, and Count II stated a claim to terminate the lease based on Donaldsons' breach and to collect the fair rental value of one-half of Lot 7 from July 1, 1979 to April 1, 1983.

The trial court denied a motion by Donaldsons, Oxford Properties and MCC for summary judgment on Count I of the amended complaint, granted Nordin and Biglow judgment on the count, and granted summary judgment in favor of Donaldsons on its claim for indemnity against Oxford Properties and MCC. The court entered summary judgment against Nordin and Biglow on the remaining counts.

The trial court denied a motion by Oxford Properties and MCC for reconsideration of Count I and ordered entry of final summary judgment. On October 12, 1988, judgment was entered.

Oxford Properties and MCC take this appeal from summary judgment on Count I, and Nordin and Biglow seek review of summary judgment on Count II of the amended complaint.

## ISSUES

1. Whether the amended complaint relates back to the original complaint?

2. Whether the rent claim is defeated in whole or in part by the city's taking of two-thirds of the property in 1979?

## ANALYSIS

On appeal from a summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn. 1979); Minn.R.Civ.P. 56.03.

■ 1. Relation back. Appellants contend that amendments to pleadings under Minn.R.Civ.P. 15.03 are confined to pleadings which do not state a new cause of

---

1. Lot 7 was not the subject of the condemnation proceedings. On or about April 1, 1983, Nordin and Biglow sold their interest in Lot 7.

action.[2] See Nelson v. Glenwood Hills Hospitals, 240 Minn. 505, 514, 62 N.W.2d 73, 78 (1953). We are convinced, first, that respondents' claim for rent does not constitute a new cause of action. Respondents' original complaint contained claims based on Donaldsons' renunciation of the lease, which includes damages for lost rental income and anticipated loss of rents.

Moreover, we agree with respondents that the proposition announced in Nelson concerns new pleadings for correcting a mistaken naming of a defendant. Rule 15.03 specifically addresses the problem of misnomers, conditioning an amendment on a showing that the party finally named has not been prejudiced or surprised by the amendment. The general rule applicable here permits relation back so long as the claim stated in the amended pleading arose out of the same "conduct, transaction, or occurrence" as the original pleading. Minn.R.Civ.P. 15.03 "If the amendment relates to the same conduct, transaction or occurrence, relation back is automatic even if the amendment changes the theory of recovery or asserts an entirely new claim." D. Herr & R. Haydock, Minnesota Practice § 15.7 (1985). The claim for rents arises out of the same transaction set forth in the original pleading.

Appellants highlight the contrast between the present claim, one for the enforcement of contractual rights, and the prayer for relief in the original pleadings, calling for the rescission of Donaldsons' leasehold interest. Notwithstanding the claim for rescission, the original complaint asked for recovery of rent and the parties are all aware that part of the premises continued to be occupied until April 1983.

■ 2. Rent abatement. Appellants contend that the rent must be abated at least in part because the condemnation in 1979 destroyed the habitability of the building on Lot 8. A lessee of a building rendered untenantable (not through his or her own fault) is not liable for rent to the lessor "unless otherwise expressly provided by written agreement." Minn.Stat. § 504.05 (1988). Under the 1926 amendment to the Linton Lease agreement, rent abatement is specifically disallowed, and thus appellants through indemnification must pay the amount of rent due without any reduction.

Appellants additionally contend that at least the portion of the rent claim attributable to Lot 8 is defeated because the owner has recovered rent as part of the damages in the condemnation award. To the contrary, the damage award does not include losses which will not be suffered. Here, there was a contract guaranteeing continuation of rent payments.

Appellants also allege that the delay in pleading the rent claim prevented Donaldsons from properly seeking rent in the condemnation proceeding. There is no evidence that Donaldsons' strategy in the condemnation action was altered by this lawsuit.

Appellants finally assert that Nordin and Biglow should indemnify them for the recovery of rent payments in the condemnation award. This issue was not presented to the trial court for decision, and therefore it is not within our scope of review. See In re Welfare of K.T., 327 N.W.2d 13, 16–17 (Minn.1982).

Affirmed.

2. Because of the six-year statute of limitations, appellant asserts that no rent can be claimed for a period before June 16, 1981, a date 6 years preceding the order granting respondents leave to amend their pleadings.