**Mark W. JOHNSON, Respondent,**

v.

**SOO LINE RAILROAD COMPANY, Petitioner.**

**No. C8–90–359.**

Court of Appeals of Minnesota.

May 1, 1990.

Review Granted June 25, 1990.

Megan K. Ricke, Thomas W. Spence Law Office, St. Paul, for petitioner.

Considered and decided by WOZNIAK, C.J., and PARKER and SHORT, JJ.

## OPINION

WOZNIAK, Chief Judge.

We granted discretionary review of the trial court's denial of summary judgment. The trial court ruled that the action was commenced when pleadings naming the wrong defendant were delivered to the sheriff, and that amended pleadings delivered to the sheriff after the statute of limitations expired related back to the initial date of delivery. We reverse.

## FACTS

Respondent Johnson seeks damages for injuries incurred while he was employed by the Soo Line Railroad. The parties agree the applicable statute of limitations expired on July 19, 1989.

On July 14, 1989, Johnson's summons and complaint were delivered to the sheriff for service. The summons and complaint named the wrong defendant, Chicago Northwestern Transportation. On July 21, 1989, after the statute of limitations expired and before the initial papers had been served, Johnson delivered an amended summons and complaint to the sheriff. Both sets of pleadings were served upon Soo Line Railroad Co. by the sheriff on July 24, 1989.

## ISSUE

Did the trial court err in holding that amended pleadings naming the proper defendant related back to the date when improperly captioned pleadings were delivered to the sheriff for service, where the proper defendant did not receive notice of the action until the limitations period expired?

Don C. Aldrich, Gregory T. Yaeger, Yaeger & Yaeger, P.A., Minneapolis, for respondent.

## ANALYSIS

A civil action is "commenced" against a defendant:

when the summons is delivered to the sheriff in the county where the defendant resides for service; but such delivery shall be ineffectual unless within 60 days thereafter the summons is actually served on that defendant * * *.]

Minn.R.Civ.P. 3.01(c). The summons in this case was delivered to the sheriff before the limitations period expired, but it did not name Soo Line Railroad as a defendant. Thus, no action was "commenced" against Soo Line in a timely manner.

Johnson argues that amended pleadings naming Soo Line as the defendant should "relate back" to the date of delivery of the original pleadings to the sheriff. Certainly, the claims set forth in the amended pleadings arose from the same occurrence alleged in the original pleadings. In such circumstances,

> [a]n amendment changing the party against whom a claim is asserted relates back if * * * *within the period provided by law for commencing the action* * * the party to be brought in by amendment (1) has *received* such *notice of the institution of the action* that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against that party.

Minn.R.Civ.P. 15.03 (emphasis added). Although the Minnesota rule contains gender-neutral language, it is otherwise identical to Fed.R.Civ.P. 15(c).

The record indicates that Soo Line did *not* receive actual notice that an action had been brought *within* the limitations period. The amended pleadings do not, therefore, relate back under the plain language of Rule 15.03.

The United States Supreme Court reached the same conclusion in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). There, a libel action was commenced against Fortune. The pleadings were served on Time Incorporated, but service was refused because Time was not named as a defendant. After the statute of limitations expired, the pleadings

were amended to name "Fortune, also known as Time Incorporated." *Id.* at 23, 106 S.Ct. at 2381. Because Time did not *receive* notice of the suit within the limitations period, the Court held that the amendment did not relate back under Fed.R. Civ.P. 15(c). *Id.* at 30, 106 S.Ct. at 2384–85.

The Court noted that it would not have been difficult for the plaintiff to determine the identity of the proper defendant. *Id.* at 28, 106 S.Ct. at 2383–84. Similarly, Johnson knew who his employer was; there was no confusion as to the identity of the proper defendant. *Cf. Nelson v. Glenwood Hills Hospital, Inc.*, 240 Minn. 505, 507, 62 N.W.2d 73, 75 (1953) (state officials erroneously informed counsel that proper defendant had merged with corporation named in original pleadings).

■ If the named defendant receives notice of the action within the limitations period, such notice may be imputed to an intended and subsequently named defendant if the named defendant and the intended defendant share an "identity of interest" such as that shared by subsidiary and parent corporations. *Schiavone*, 477 U.S. at 28, 106 S.Ct. at 2384; *Buysse v. Baumann–Furrie & Co.*, 448 N.W.2d 865, 871 (Minn.1989). This is sometimes referred to as the "identity of interest" exception to Rule 15's notice requirement. *Buysse*, 448 N.W.2d at 871 (citations omitted).

The exception is inapplicable here. There is no evidence that Soo Line is sufficiently related to Chicago Northwestern Transportation as to permit imputation of notice. *See Nelson*, 240 Minn. at 507, 512–13, 62 N.W.2d at 78 (two corporations had common officer and insurer; through service on the officer, intended defendant received notice of pending action before statute of limitations ran). More importantly, *neither* the named defendant (Chicago Northwestern Transportation) nor the intended defendant (Soo Line Railroad) in this case actually received notice until after the limitations period had expired. There was no "notice" which would be imputed to the intended defendant. *Schiavone*, 477 U.S. at 29, 106 S.Ct. at 2384.

Johnson argues that any amendment made within the time allowed for the sheriff to complete service necessarily relates back to the date of delivery. However, the Supreme Court specifically rejected this claim in *Schiavone*. The Court emphasized the importance of the intended defendant *receiving* notice of the action within the limitations period, characterizing failure to provide notice to the proper defendant within the limitations period as "fatal." *Schiavone*, 477 U.S. at 30, 106 S.Ct. at 2384–85. The Court held that the rule's prerequisite requirement that an intended defendant receive notice of the action precludes extending the limitations period by the time permitted for service of pleadings. *Id.*

As in *Schiavone*, no action was "commenced" against the proper defendant within the meaning of Minn.R.Civ.P. 3.01(c) before the limitations period expired, and Johnson is not entitled to an additional 60 days to name Soo Line and to bring an action against it.

Johnson claims that application of *Schiavone* is inconsistent with prior Minnesota decisions. Aside from the fact that this argument presumes that the United States Supreme Court's analysis of an identical federal rule is irrelevant to our interpretation of the Minnesota rule, we believe that careful analysis of Minnesota decisions compels the same result.

Unlike the plaintiff in *Chan v. Katzenmeyer*, 391 N.W.2d 907 (Minn.Ct.App.1986), who did not know that the named defendant had died, Johnson did not name Chicago Northwestern because of lack of information. Nor is Soo Line a "representative" for the named defendant. Naming a new defendant, unrelated to any defendant named in the original pleadings, does not relate back if an intended defendant lacked notice of the action before the limitations period expired. *Watson v. Stonewings on the Lake*, 393 N.W.2d 518, 521 (Minn.Ct. App.1986).

Far from being inconsistent with *Schiavone*, Minnesota decisions *also* preclude post-limitation relation back of amendments naming a defendant whose identity was known before the statute ran. *See Leaon v. Washington County*, 397 N.W.2d 867, 871 (Minn.1986). The focus is on whether the intended defendant was "fully informed as to the circumstances of the action," despite a mistake as to the name of the defendant. *Lange v. Johnson*, 295 Minn. 320, 324, 204 N.W.2d 205, 208 (1973) (quoting *Nelson*, 240 Minn. at 513, 62 N.W.2d at 78). The requirement that the intended defendant be notified timely of the action is *essential* to jurisdiction. *See Wood v. Martin*, 328 N.W.2d 723, 726 (Minn.1983).

In the words of the Supreme Court, "[t]he linchpin is notice, and notice within the limitations period." *Schiavone*, 477 U.S. at 31, 106 S.Ct. at 2385. Soo Line was not notified of the institution of an action within the limitations period, and the later amendment cannot relate back.

### DECISION

The trial court erred in denying summary judgment. No action was commenced against Soo Line Railroad within the limitations period.

Reversed.